# Buchanan Mining Company et al. v. Henson.

(Decided February 26, 1929.)

V. C. McDONALD for appellants.

MURRAY L. BROWN and A. T. MANNING for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On May 17, 1925, Frank Henson was severely injured while working in a coal mine at Hima. The injury was reported by the Buchanan Mining Company on a form which gave the name of the employer as Buchanan Mining Company and the name of the insurance carrier as Bituminous Casualty Exchange. On July 3, 1925, Henson entered into an agreement with the Buchanan Mining Company as employer, and the Bituminous Casualty Exchange as insurance carrier, by which he was allowed compensation at the rate of $15 a week for an indefinite period. This agreement was filed with the Workmen's Compensation Board, and examined and approved by it on July 4, 1925. Under this agreement there were made numerous payments aggregating the sum of $465. Each of the receipts signed by Henson stated that the accident occurred "while in the employ of Buchanan Mining Company." The last payment was made on January 19, 1926. On April 29, 1926, the insurance carrier filed a motion in the name of the Buchanan Mining Company to reopen the case on the ground of mistake, and in support of the motion filed affidavits to the effect that at the time of the accident Henson was working for the Clay County Coal Company, and not for the Buchanan Mining Company. In opposing the motion, Henson filed the affidavit of I. H. Buchanan, the president of the Buchanan Mining Company, who stated that he was the president of the Buchanan Mining Company, that he knew Frank Henson,

and at the time of the injury Henson was working in the Buchanan Mine, that the insurance was carried in the name of the Buchanan Mining Company, and covered all the employes who worked in the Buchanan Mining Company, and that fact was known to the insurance carrier at that time. On July 7, 1926, the Workmen's Compensation Board reopened the case for a hearing on the merits. Thereafter Henson filed his application for an adjustment of his claim. The proof was then taken and compensation was refused by the board. On appeal to the Clay circuit court, the finding of the board was reversed. From that order this appeal is prosecuted.

The evidence is uncontradicted that Henson signed the compensation register of the Buchanan Mining Company. There was further evidence that the mine was operated in the name of the Buchanan Mining Company. It further appears that a few days before the accident the Bituminous Casualty Exchange issued a policy to the Buchanan Mining Company insuring its employes. On the other hand, John Hoffman, vice president of the Clay County Coal Company, testified that claimant was working for the Clay County Coal Company on the day of the accident. He further stated that the Clay County Coal Company purchased the Buchanan Mining Company and took it over on June 1, 1924. There was also introduced in evidence a contract by which the Furnace Gap Coal Company leased the mine in which the injury occurred to I. H. Buchanan, W. R. Buchanan, and J. W. Buchanan, and a deed dated July 31, 1924, by which the Buchanans conveyed the lease to the Clay County Coal Company. The lease to Buchanan contained the following provision: "It is agreed that lessee may operate under a name to be selected by them, and it is in fact desired that they do so, but in case of consolidation with any other company now in existence, then all coal loaded from the property herein leased shall be loaded and the cars placed under a name separate from the company consolidated. This is required in order that the tonnage loaded from the leased premises may not be confused with tonnage billed out from other mines."

If only a question of fact were involved, we would be compelled to hold that the finding of the Workmen's Compensation Board was conclusive. However, there is no dispute as to the facts. In the circumstances only a question of law is presented, and that question is review-

able. Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467. Notwithstanding the purported sale to, and consolidation with, the Clay County Coal Company, the Buchanans, for the purpose of complying with the terms of the lease under which they held, continued to conduct the business through the same officers in the name of the Buchanan Mining Company, and the mine in which the injury occurred was known as the Buchanan Mine. Not only so, but the employes were insured as employes of the Buchanan Mining Company, and were induced to sign the compensation register of the Buchanan Mining Company. In the circumstances the Buchanan Mining Company is estopped to claim that Henson was not working for it at the time of the injury. A partnership cannot conduct a business and employ a man in the partnership name, induce him to sign its compensation register as its employe and carry insurance for him as its employe, and then escape liability as his employer on the ground that prior to the injury it had sold out the business and consolidated with another company. We are therefore forced to conclude that the judgment of the circuit court was correct.

Judgment affirmed.