ROBINSON v. HILL-DIESEL ENGINE CO.

1. CONTRACTS—EVIDENCE—RECONDITIONING CHARGES—DAMAGES.
    In action by dealer against manufacturer of engines under agreement for credit to be allowed on engines returned less cost of reconditioning, testimony by witnesses familiar with such work as to reasonable cost of reconditioning furnished basis for fixing charge at reasonable amount.

2. SAME—"HANDLING" CHARGES.
    Under said agreement, charge for "handling," in addition to cost of material and labor, was properly disallowed, in absence of evidence as to time spent in handling or wages of men so engaged.

3. Same—"Overhead" Charge.

Under said agreement, charge for "overhead" is disallowed.

4. Appeal and Error—Admissions—Remittitur.

Where trial court disallowed certain item charged by defendant for reconditioning engines which plaintiff concedes should have been included, but in other respects findings of court are accepted, judgment for plaintiff is affirmed, on review, on condition that plaintiff remit said amount.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted April 23, 1931. (Docket No. 163, Calendar No. 35,660.) Decided October 5, 1931.

Assumpsit by Mark A. Robinson against Hill-Diesel Engine Company, a Michigan corporation, for credit on the purchase price of engines returned. From judgment rendered, both parties appealed. Affirmed conditionally.

*Shields, Silsbee, Ballard & Jennings,* for plaintiff.

*Kelley, Sessions & Warner,* for defendant.

McDonald, J. This is an appeal from a judgment of the circuit court of Ingham county. The plaintiff resides in Honolulu, Hawaii. The defendant is a corporation with place of business in Lansing, Michigan. In 1925, the plaintiff purchased of the defendant for resale six Diesel engines. The invoice price was $5,362.48. Shipments were made in several different assignments to the plaintiff at Honolulu with draft attached less 25 per cent. cash payment which accompanied the order. Four of these engines were accepted and paid for in full. They were found unsuitable to the plaintiff's trade. For that reason the other two were rejected. There was no claim of breach of warranty. The parties engaged in a friendly correspondence concerning the

disposition of the engines, and the following letters show the agreement reached:

"Lansing, Michigan,
"December 16, 1925.

"Mr. MARK A. ROBINSON,
"Honolulu, T. H.
*"Dear Sir:*

"We have your letter of December 2d regarding the engines you have on hand and that you are unable to make use of. We understand that all of the engines that were in possession of the steamship company at Honolulu have been returned to us: These are the outfits covered by the various sight drafts which you did not honor.

"Regarding the engines you have on hand that are paid for. If you will box these engines carefully and ship them to us via New York, we will take care of them upon arrival and if they are in the same condition as when originally shipped we can give you credit for them, less transportation charges. On the engines which you have used, we will give you credit in proportion to the cost of putting them in first-class order.

"We presume this settlement will be satisfactory to you and awaiting your comments, remain,

"Very truly yours,
"HILL-DIESEL ENGINE COMPANY,
"(Signed) L. A. MURRAY,
"Purchasing Agent."

To this letter the plaintiff replied:

*"Gentlemen:*

"Your letter of December 16th arrived this morning and I understand from my bankers that the shipments which I refused to accept are being shipped back by the steamship company, via New York.

"I will have the other four engines shipped back to you as you instruct by the first steamer sailing from this port direct to New York.

"You state in your letter that you will give me credit for the engines that I send back less transportation and the cost of putting them in first-class condition. This seems to me to be very fair, if you mean that you will send me a draft for the amount of the credit that you will finally establish after making these adjustments."

Defendant replied on January 11, 1926, as follows:

"Your letter of the 29th ult., is received and your interpretation of our letter of December 16th is correct."

On May 19, 1926, the defendant again wrote to the plaintiff acknowledging receipt of the engines and saying they were in "fairly good condition."

On August 16, 1928, more than two years after the shipment was returned, the defendant submitted a statement showing a total charge of $3,574.48 for reconditioning six engines, a credit to the plaintiff of $3,846.86, that being the amount of his cash payments, leaving a balance of $272.38 for which draft was inclosed. The plaintiff refused to agree to the reasonableness of the charges and brought this suit. It was tried by the court without a jury. He made findings, reduced some of the charges, disallowed others, and entered a judgment for the plaintiff in the sum of $2,498.21. Both parties have appealed.

The issue involves merely questions of facts. The agreement was that plaintiff would pay for putting the engines in "first-class condition." The controversy is over the reasonableness of the defendant's charges therefor.

For reconditioning the six engines, the defendant charged $585 for three that had been used and $180 for three that had not been used. These charges

totaling $765 were reduced by the trial court to $375. In reaching this result, he found that only one engine had been used, and that the two which plaintiff had rejected were not included in the settlement agreement. We think the court was right in this construction of the agreement, but in his brief the plaintiff concedes that those two engines should be included. Accepting his concession, we see no reason why the two items should not be allowed in full. On the trial the plaintiff offered no competent proof as to the reasonableness of the charges. He relied on the insufficiency of the defendant's proof. The actual reconditioning of the engines was on a material cost and hourly labor basis. The usual daily time and material slips kept by the foremen of the various departments of the defendant's factory became lost and were not available at the time of the trial; but Harry Hill, Jr., employed as a foreman and general inspector, testified they were in his possession, and, as was customary in the course of business, he transferred the items on cards which for convenience and future reference were attached to the engines when the repairs were completed. These cards were received in evidence and showed the cost of reconditioning the three used engines to be $585. Whether they were all used is not important because the defendant's testimony as to their condition and the necessity for repairs was undisputed. There were no cards or other records as to the cost of reconditioning the three unused engines, but the defendant gave evidence of estimates made by men familiar with the work, from which it was shown that $180 was a reasonable charge. The items of $585 and $180 should be allowed.

A charge of $300 was made for "handling" the engines. The testimony shows that in repairing

them they were moved on rollers to and from the various departments in the factory and that five men were employed on each engine. The charge was made for their time on an hourly basis, but there was neither record nor oral evidence to show the time spent in handling or the wages of those employed in the work. A lump sum was charged based entirely on estimate. The charge was rightly disallowed by the trial court.

In addition to the actual cost of reconditioning the engines, defendant made a charge of $1,072.49 for "overhead." This amount was obtained by charging 20 per cent. of $5,362.48, which was the original sales price of the engines. It is not necessary to discuss this item. It is disallowed.

In regard to all other charges in defendant's statement of account, we accept the trial court's findings. The actual cost of doing the work charged for was not shown. The testimony as to estimates was not satisfactory. In view of the evidence, the court made a reasonable allowance.

We have added $390 to the amount allowed by the court on the first two items of the defendant's account. In all other respects the findings are correct. If the plaintiff will remit $390 from the judgment within 20 days it will stand affirmed. If he does not do so, it will be reversed.

The defendant will have costs of this court.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.