## Blue Grass Mining Co. v. North.

(Decided June 16, 1936.)

CRAFT & STANFILL for appellant.
ROY HELM for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The apellee, James North, while working for the appellant, Blue Grass Mining Company, was seriously injured by reason of an accident arising out of and in the course of his employment. Both parties had accepted the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), and, after a hearing before the Workmen's Compensation Board upon his application for an adjustment of his claim, the board, by an order entered March 20, 1934, awarded appellee compensation in the sum of $12.87 per week for 48 weeks, beginning December 31, 1931, for temporary total disability, and $3.60 per week for 287 weeks, beginning December 1, 1932, for permanent partial disability.

On March 26, 1934, the Blue Grass Mining Company filed its motion for reimbursement in the sum of $240.95, for money expended by it for medical and surgical treatment in excess of the amount it was required by law to expend. It also filed the affidavit of V. C. McDonald, who had personal knowledge of the payments. North filed a response to the motion in which he stated, in substance, that he remained in a hospital in Hazard, Ky., 34 days after the accident, when he was discharged. After remaining at his home about a month, he was requested by appellant to accompany one of its representatives to Louisville, Ky., for examination and treatment. He entered a hospital there at appellant's request, but denied that he received any benefit from the treatment. He further stated that he did not request appellant to take him to Louisville, and that he complied with appellant's request in order to prevent it from withholding his compensation. The appellant later filed the joint affidavit of two physicians, who stated that the operation performed upon appellee's arm at Louisville and the treatment given to him there were necessary, in their opinion, in order to save his injured arm. On June 5, 1934, a member of the board entered an order sustaining appellant's motion, and directing that it be reimbursed in the sum of $240.95 out of the aggregate

amount of appellee's compensation, on account of excess medical and surgical treatment which it had furnished him. Thereafter, the appellee moved the board to grant him a full board review of its order of June 5, 1934, and that he be permitted to produce additional evidence, and that the case be set down for a hearing at a regular meeting of the board. The board granted appellee's motion for a full board review, and affirmed the order without permitting him to produce additional evidence. The order of the full board was entered August 7, 1934. Appellee filed his petition for a review of this order in the Perry circuit court on August 15, 1934. The following indorsement appears on the back of the petition:

"Filed in my office, tax paid, summons and one copy with copies of petition attached issued to Perry County, summons and three copies with copies of petition attached issued to Franklin County. This August 15, 1934.

"[Signed] Jessie Cornett,
"Clerk, Perry Circuit Court."

On March 12, 1935, the Blue Grass Mining Company filed its motion to dismiss the petition for review, on the ground that the petition was filed in the office of the clerk of the Perry circuit court on August 15, 1934, and process was issued by the clerk on that date, but was not placed in the hands of the sheriff of Perry county until January 25, 1935, which was more than 20 days after the date of the order of the Workmen's Compensation Board appealed from. In support of the motion, it filed the affidavit of Russell Ingram, the office deputy sheriff, for Filmore McIntosh, sheriff of Perry county. He stated in the affidavit that the process in the case of James North v. Blue Grass Mining Company was delivered to him on January 25, 1935, by the attorney for James North, and that the process was executed on the same day. The Blue Grass Mining Company also filed an answer in which it alleged that the Perry circuit court was without jurisdiction, since the process, which was issued August 15, 1934, was held by the plaintiff, James North, from that time until on or about January 25, 1935, without giving same to the sheriff so that it could be served. The court overruled the company's motion to dismiss the action and entered a judgment remanding the case to the Workmen's Com-

pensation Board, with directions to set aside the order allowing to the Blue Grass Mining Company the sum of $240.95. The Blue Grass Mining Company has prayed an appeal.

The chief ground urged for a reversal of the judgment is the alleged error of the circuit court in overruling appellant's motion to dismiss the petition for review on account of lack of jurisdiction.

Section 4935 of the Kentucky Statutes provides that either party, within 20 days after the rendition of a final order or award of the board, may, by petition, appeal to the circuit court that would have jurisdiction to try an action for damages for injuries if the act had not been passed for the review of such order or award. It further provides that summons shall issue upon the petition directing the adverse party to file answer within 15 days after service thereof, and directing the board to certify its complete record of the case to the court. By section 39 of the Civil Code of Practice, "an action is commenced by filing, in the office of the clerk of the proper court, a petition stating the plaintiff's cause of action * * * and * * * by causing a summons to be issued, or a warning order to be made, thereon." And section 2524 of the Kentucky Statutes reads:

"An action shall be deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action."

These sections of the Code and Statutes must be read in connection with section 4935 of the Statutes in order to determine whether the circuit court had jurisdiction in the instant case. The proceeding in the circuit court is appellate in its nature, but, in order to give the circuit court jurisdiction, a party desiring a review of an award of the Workmen's Compensation Board must file, within 20 days after the final order of the board, a petition in the circuit court upon which summons shall issue directing the adverse party to file answer within 15 days after service thereof. In Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 158, 13 A. L. R. 524, it was said:

"It is argued that, since the act provides that the appeal for review of the award may be taken within 20 days after the rendition of the final order by

petition, and in a subsequent paragraph of the same section adds, 'Summons shall issue upon the petition, etc.,' the filing of the petition is in effect the commencement of the action by appeal in the circuit court. We conceive the section, when read as a whole, to mean that the petition must not only be filed within the 20 days after the final order of the board, but summons must be issued thereon within that time; otherwise the very purpose of the act would be defeated by the delays which the appellant could work by failing to cause a summons to issue."

And in Carnahan Oil & Refining Co. v. Miller, 232 Ky. 78, 22 S. W. (2d) 430, 431, the court said:

"Running throughout the Workmen's Compensation Act [Ky. Stats. secs. 4880-4987] is an insistence upon promptness in procedure and in the granting of relief. This limitation of twenty days, like other statutes of limitation, applies with peculiar force upon the right of appeal, which exists only by virtue of the statute. The method of exercising his right of appeal or supervision prescribed by the Legislature is mandatory, and a compliance with this provision of the act is necessary in order to give the circuit court jurisdiction."

A party desiring to have a review of an award of the Compensation Board in the circuit court has not complied with the mandatory provisions of the law and saved his right of appeal in respect of time unless he has filed his petition and caused a summons to issue in good faith within 20 days after the rendition of the award. In order to secure the prompt disposition of compensation cases contemplated by the act, the issuance of a summons in good faith is just as essential as the filing of a petition for review. In view of our construction of section 4935, Kentucky Statutes, the rule, that an action is not commenced so as to stop the running of limitations until a summons is issued in good faith, applies with even greater force to an appeal from an award of the Workmen's Compensation Board. A summons issued by the clerk and delivered to the plaintiff or his attorney is not deemed to have been issued in good faith until it is given to the sheriff or other proper officer to be served. This precise question was considered in Louisville & N. R. Co. v. Little, 264 Ky. 579,

95 S. W. (2d) 253, decided June 2, 1936. There the plaintiff's cause of action accrued February 3, 1933, and was barred by limitations on February 3, 1934. He filed his action against the railroad company on January 15, 1934, and summons was then issued and delivered to his attorney. The attorney kept the summons in his office until March 10, 1934, more than a month after the cause of action was barred by limitations, when he delivered it to the sheriff for service. It was held that the action had not been commenced before it was barred, and the judgment was reversed, with directions to dismiss the petition. In the course of the opinion it was said:

"When a plaintiff has caused the summons to issue in good faith, he has complied with the law and saved his right of action in respect of time, for it is the official duty of the clerk to see to its proper delivery to the sheriff for service. Blackburn v. City of Louisville, 55 S. W. 1075, 21 Ky. Law Rep. 1716. It is the duty of the sheriff to attend the clerk's office daily to receive such process as may have been issued. Section 46, Civil Code of Practice. Obviously, if the plaintiff puts it beyond the power of the officers to perform those duties, he cannot be heard to complain if they are not performed. In modern practice, a summons is a means of notifying the defendant of the suit and ordering him to appear in court. Prewitt v. Caudill, 250 Ky. 698, 63 S. W. (2d) 954. If a plaintiff willfully or negligently prevents that notice and order being given, it cannot be said that he caused the summons to be issued in good faith. * * *

"Of course, though it has been postponed, when a summons is actually served or put in line of service, the mere intention to have it issued is translated into a good-faith intentional action. But if the suspension is not closed before the right to sue ends, it must be regarded that the plaintiff slumbered through the time prescribed. So it is in the instant case. The plaintiff either deliberately withheld the actual legal issuance of the summons, or through oversight postponed the starting of the litigation until after the bell had rung out the hour barring his right of action."

That case is conclusive of the question presented here. It follows that the circuit court erred in over-

256

ruling appellant's motion to dismiss the petition for review.

The motion for an appeal is sustained, and the judgment reversed, with directions to dismiss the petition for review.