## Blue Grass Mining Co. v. Stamper et al.

(Decided March 9, 1937.)

644

CRAFT & STANFILL for appellant.
ROY HELM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On motion of the Blue Grass Mining Company, the Workmen's Compensation Board allowed it excess medical and hospital expenses in the sum of $725.75, and directed that that amount be credited against the compensation allowed Arthur Stamper. On a full board review the award was affirmed. On petition for review the Perry circuit court set aside the order of the board allowing the credit, and the company appeals.

It first is insisted that the judgment of the circuit court is erroneous because it undertook to reverse a finding of fact made by the Workmen's Compensation Board. Though formerly the rule was otherwise, it now is the law that an employer who voluntarily pays for medical, surgical, and hospital treatment in excess of his statutory liability is not entitled to have the excess credited against the compensation, in the absence of an agreement with the employee. Harvey Coal Corporation v. York, 252 Ky. 605, 67 S. W. (2d) 977; Stearns Coal & Lumber Co. v. Vanover, 262 Ky. 808, 91 S. W. (2d) 518. If the evidence concerning an agreement had been conflicting, and the board had found that there was an agreement, an entirely different question would be presented. We find, however, that the evidence was all one way, and shows that the company in making the excess payment acted voluntarily, and without any agreement with Stamper. In the circumstances, only a question of law is presented, and that question is reviewable by the courts. Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S. W. (2d) 1043; Melcroft Coal Co. v. Hicks, 224 Ky. 173, 5 S. W. (2d) 1049; Buchanan Mining Co. v. Henson, 228 Ky. 367, 15 S. W. (2d) 291.

There is the further contention that the circuit court erred in overruling appellant's motion to dismiss the petition for review on account of lack of jurisdiction. The facts are: The award of the full board was made on October 15, 1935. The petition for review was filed in the office of the clerk of the Perry circuit court on October 29, 1935. On the same day summons was issued to Perry county and also to Franklin county. The process issued to Perry county was served on the president of the company on January 23, 1936. On January 29, 1936, the company filed its motion to dismiss the petition for review, and in support of the motion filed the affidavit of Russell Ingram, deputy sheriff of Perry county, stating that the summons was not delivered to the sheriff's office until January 1, 1936. If it had been made to appear that Stamper or his attorney had taken charge of the summons and failed to deliver it to the sheriff until after the period of limitation had expired, a different question would be presented. Blue Grass Mining Co. v. North, 265 Ky. 250, 96 S. W. (2d) 757; Louisville & N. R. Co. v. Little, 264 Ky. 579, 95 S. W. (2d) 253. All that we have is that the process did not reach the office of the sheriff of Perry county until January 1st. As the clerk or the sheriff may have been at fault, the evidence relied on falls far short of showing that the delay was due to any willful or negligent action on the part of Stamper or his attorney. When a party has caused the summons to issue in good faith, he has complied with the law and saved his right of action in respect of time, for it is the official duty of the clerk to see that the process is delivered to the sheriff for service, and of the sheriff or one of his deputies to attend the clerk's office daily to receive such process as may have been issued. Section 46, Civil Code of Practice; Blackburn v. City of Louisville, 55 S. W. 1075, 21 Ky. Law Rep. 1716; Louisville & N. R. Co. v. Little, supra. Here the petition for review was filed and the process was regularly issued within twenty days after the rendition of the final award, the time fixed by the statute, section 4935, Kentucky Statutes, and there being nothing in the record to show that the process was not issued in good faith, the court did not err in overruling the motion to dismiss the petition for review.

Judgment affirmed.