# Title Ins. & Trust Co. v. City of Paducah et al.

(Decided Nov. 15, 1938.)

J. D. MOCQUOT for appellant.

W. V. EATON and ADRIAN H. TERRELL for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, Title Insurance and Trust Company (Trustee) along with R. R. Jones, brought this suit in January, 1937, under section 11 of the Statutes to clear the cloud upon the titles of their respective properties in Paducah caused by the assertion of ad valorem tax

and street improvement liens by the City of Paducah. Jones caused the suit to be dismissed as to him, and was later made a party defendant by appellant. It was alleged that the enforcement of the liens for installments of ad valorem taxes or street improvements, or either of them, which became due in the year 1931, and in prior years, was barred by the statute of limitations because the actions seeking such enforcement were inoperative to stop the running of the statute of limitations for the reason that the actions had not been filed in good faith. By agreement of the parties this suit was submitted to the court to be heard on oral testimony, regarding the service of summonses in the several suits filed by the City of Paducah as plaintiff in which various persons, including appellant, were named as defendants. After hearing proof, judgment was entered dismissing appellant's petition. From this judgment appellant appeals.

Appellant seeks in a suit to quiet title under section 11 of the Statutes to plead the statute of limitations in certain pending ad valorem tax and street improvement suits in which it, along with others, was made a defendant. In other words, it is attempting to use the statute of limitations as a sword rather than a shield. The limitation statutes were not enacted for such purposes. It is our conclusion, therefore, that, if appellant had any basis for such a plea, the place to make it was in the pending tax and street improvement suits.

There remains before us the question as to whether or not the actions complained of were commenced in good faith.

Section 39 of the Civil Code of Practice provides:

"An action is commenced by filing, in the office of the clerk of the proper court, a petition stating the plaintiff's cause of action; or, in cases wherein written pleadings are not required, by filing in such court the account, or the written contract, or a short written statement of the facts on which the action is founded; and, in either case, by causing a summons to be issued, or a warning order to be made, thereon."

Section 2524 of the Statutes, relating to when an action is commenced, is as follows:

"An action shall be deemed to have been com--

·menced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action.''

It appears from the record that, during the month of December, 1933, 1934, 1935, and 1936, the City of Paducah filed certain actions against appellant and others to collect tax and street improvement claims, which had not been paid. The actions were duly filed in the circuit clerk's office, and the summonses were issued and delivered to the sheriff's office. The form of the summons delivered to the sheriff was ''You are commanded to summon Ben M. Allen and others (names inserted) * * * to answer in 10 days after the service of this summons * * *.'' A deputy sheriff testified that the summonses in the actions in question were delivered to the sheriff's office, and that an average of 15 of them were served on the defendants each year. There is no evidence that anyone advised the sheriff not to serve the summonses, or in any way obstructed him from so doing. Why the summonses were not served by the sheriff is not shown, but, as appellees suggest, the fact that many of the defendants were paying their taxes after the suits were filed may have had some bearing on the sheriff's attitude in respect to serving the summonses. It is our conclusion that the requirements of Section 39, Civil Code of Practice, and Section 2524 of the Statutes, as to the commencing of an action were complied with, and that the tax and street improvement suits complained of were commenced in good faith by the city of Paducah, thereby constituting a bar to the plea of limitations. See Blue Grass Mining Company v. Stamper, 267 Ky. 643, 103 S. W. (2d) 112; Louisville & Nashville Railroad Company v. Little, 264 Ky. 579, 95 S. W (2d) 253; and cases cited therein. It would be hard to visualize a situation where a municipal government, dependent upon taxes and special assessments for its very existence would go to the trouble of filing suits for delinquent taxes and assessments, if it did not intend to attempt to collect the taxes and the assessments.

For the reasons given herein, we are constrained to hold that the judgment of the lower court should be, and it is affirmed.