### Harmon v. Blackburn.

May 12, 1939.

COMBS & COMBS for appellant.
HILL & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This action was filed by the appellee, Malissa Blackburn, against the appellant, L. G. Harmon, to recover damages for alleged trespass by appellant upon a small piece of swampy land lying on Little Paint Creek in Floyd County. It appears that one Robert George was the owner of the land on both sides of Little Paint Creek at the point in controversy. In February, 1897, he conveyed the land lying to the west of the creek to his son, W. J. George. In December, 1897, Robert George conveyed his remaining lands to the east of the creek to P. D. Dale. Appellant claims under W. J. George, and appellee claims under P. D. Dale. A map showing the property in controversy was introduced at the trial, but is not now before us. As a consequence, we are compelled to speculate to some extent as to the true situation. In the deed to W. J. George, the line here involved ran from "two beeches on the east side of Little Paint Creek, thence down the creek and with said creek to the beginning." In the deed to P. D. Dale the corresponding line seems to have been run in the opposite direction commencing with "a walnut on the bank of the creek, thence with the top of the bank to two beeches near Charley Elkins' residence so as to allow W. J. George to erect a fence on side of creek bank." A fence was actually erected along the edge of the top of the bank and according to some of the witnesses, portions of it still remain. At one point, there seems to be a dip, or swag (as it is called by the witnesses), where the land runs more gradually toward the creek. There is some evidence that the old W. J. George fence cuts across this neck of land where the creek makes a bend around this so-called swag. There is also evidence that this old fence was "right on the bank" at this point. A tenant of appellee cultivated the land some years prior to 1917. It appears also that appellee used this portion of the property as a hog lot from 1917 until 1923. In 1923, U. S. Highway No. 23 (The Mayo Trail) was constructed along the east bank of Little Paint Creek on appellee's land and a considerable fill was

made in the construction of the highway. Appellee then removed her hogs and has planted the property in controversy in beans. She testified that she had had the property fenced since that time. About two years before the institution of this action, appellant erected a fence on his own side of the creek which did not include the land here in controversy. In the spring of 1936, appellee had planted a garden in the swag and had stretched a wire around it. Appellant went on the land and cut down several trees which fell on appellee's garden and destroyed several bushels of beans. This action to recover damages for the alleged trespass was thereupon filed resulting in a verdict for appellee in the sum of $5, for which a judgment was entered and this appeal followed.

It is apparent from the deeds that appellant's line runs with the creek and not over into appellee's farm. It is admitted that, after the conveyance to W. J. George, Robert George intended to convey the remainder of his property to P. D. Dale, and it follows that he intended for the Dale tract to dovetail the line fixed in the conveyance to W. J. George along the creek, allowing sufficient space for the erection of a fence on the ''side of (the) creek bank.'' Obviously, without more, the line thus fixed would follow the meanders of the creek and would not authorize the erection of a fence in a straight line which would take in a substantial piece of land on the appellee's side of the stream. Appellant argues that the proof fails to show an adverse holding of the land in controversy by appellee, and he insists that the proof shows that this land was included in the fence constructed by agreement between Robert George and P. D. Dale. Certainly, an agreement between Robert George and P. D. Dale could not operate to convey land to W. J. George which was not included in his deed, and certainly there is no proof that he held a prescriptive title. The proof demonstrates that even though the fence might have run as contended by appellant, still the land in controversy was used on frequent occasions, if not continuously, by the successors in title of P. D. Dale and was considered as a part of the Dale tract until appellant undertook to cut down the trees thereon. In the final analysis there was really no question for the consideration of the jury except the amount of damages suffered as a result of the trespass, and no complaint is made as to the nominal damages thus fixed. Appellant's

argument, therefore, concerning errors in the instructions, need not be considered for, as we view the record, the interpretation of the deeds was a matter of law for the court and, aside from damages, there was no issue of fact necessary to be considered.

Appellee has filed a cross-appeal on the question of damages but does not seriously press it for our determination. It is quite apparent that her real interest lies simply in maintaining her title. In fact, it is stated in her brief that she "does not ask the court to reverse the case on that account." We will not, therefore, consider it.

Judgment affirmed on both the original appeal and the cross-appeal.