SPRINGDALE MONUMENT COMPANY *v.* ALLEN.

4-9032                                                      223 S. W. 2d 802

Opinion delivered October 17, 1949.

Rehearing denied November 21, 1949.

*Harper, Harper & Young,* for appellant.

*Sullins & Perkins,* and *Owens, Ehrman & McHaney,* for appellee.

HOLT, J.   This cause is here on appeal from a judgment of the Circuit Court reversing an order and award of the Arkansas Workmen's Compensation Commission. We are asked on motion of appellees to dismiss appellants' appeal and affirm the judgment of the trial court for the reason ''that the appellants failed to file a Motion for New Trial in the Washington Circuit Court after that court had entered judgment in this cause.''

It is conceded that no motion for a new trial was filed by appellants. However, they earnestly contend that such motion was not required under the provisions of our original Workmen's Compensation Law (Act 319 of 1939),—which was in effect in 1946 when the alleged injury arose.

The question presented appears to be one of first impression. Pertinent provisions of § 25 of the act, after providing the procedure in taking an appeal to the Circuit Court from the Commission's order, are: '' (b) * * * Such appeal may be taken by filing notice of appeal with the Commission, whereupon the Commission shall under its certificate return to the Court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause. Upon appeal no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the Commission within its powers shall be conclusive and binding. The Court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: 1. That the Commission acted without or in excess of its powers.  2. That the award was procured by fraud.  3. That the facts found by the Commission do not support the award. 4. That there was not suffi-

cient competent evidence in the record to warrant the making of the award.

"Appeal from the Circuit Court shall be allowed the same as in civil actions."

It will be observed that the section, supra, specifically provides that "the Commission shall under its certificate return to the Court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause."

It is further provided that on the appeal to the Circuit Court "no additional evidence shall be heard and in the absence of fraud the findings of fact made by the Commission within its powers shall be conclusive and binding."

The rule is well settled that no motion for a new trial is necessary where error appears from the record itself. *Stevenson's Supreme Court Procedure,* Revised 1948, page 31.

" 'Neither a motion for a new trial nor a bill of exceptions is necessary where the errors complained of do not grow out of the evidence or instructions, but appear from the record itself.' " *Suit* v. *State,* 212 Ark. 584, 207 S. W. 2d 315. See *Ford* v. *State,* 100 Ark. 515, 140 S. W. 734.

It is also equally as well settled that no bill of exceptions is necessary where error is apparent from the record. *Stevenson's Supreme Court Procedure,* Revised 1948, page 47.

In the recent case of *Herron Lumber Company* v. *Neal,* 205 Ark. 1093, 172 S. W. 2d 252,—a Workmen's Compensation case, we said: "Section 25 of the Arkansas Workmen's Compensation Act provides that the duly certified transcript of the evidence heard by the commission, and the findings and award of the commission, shall 'become the record in the cause.' Under this provision of the statute a bill of exceptions on appeal to this court was not necessary, since the cause was tried

in the circuit court upon the record made before the commission, and a copy of this record, properly authenticated, has been filed in this court as a part of the record made in the lower court.''

In the present case, it is conceded that no new evidence was taken in the Circuit Court, there being no allegation of fraud or that the Commission acted without or in excess of its powers. The Circuit Court, therefore, could consider and did consider only the record filed before it by the Commission, according to the plain mandate of the statute.

The identical question presented here was decided by the Supreme Court of Missouri in *State ex rel. May Department Stores Co. et al.* v. *Haid et al.*, 327 Mo. 567, 38 S. W. 2d 44. The provision of the Workmen's Compensation law there (§ 44) is identical with our § 25, supra. In this case the court said: ''The precise question thus presented to this court for decision is whether, on an appeal from a final award of the Workmen's Compensation Commission * * * the evidence had and taken before the Compensation Commission, the documents and papers filed with the commission, and the findings of fact and final award of the commission, when certified and returned to the Circuit Court by the Compensation Commission, pursuant to the mandate and directions of section 44 of said Compensation Act, constitute the record of the circuit court, so as to be reviewable on an appeal from a judgment of the circuit court, duly taken and allowed to a superior court, in the absence, and without the necessity, of a motion for new trial and a bill of exceptions in the circuit court. * * *

''What we do decide and hold herein is that the matters, proceedings, and evidence had and taken in a compensation proceeding before the Workmen's Compensation Commission, and certified and returned by the Commission to the Circuit Court for its judicial review, intrinsically constitute the record of the Circuit Court in such compensation proceeding, by virtue of the express language and requirement of the Workmen's Compensation Act, and that such record of the Circuit Court is

reviewable on an appeal duly allowed and taken to a superior court from a judgment of the Circuit Court thereon, without the necessity, and in the absence, of a bill of exceptions and a motion for new trial in the Circuit Court.''

This appears to be a correct, sound and well reasoned opinion and in accord with the great weight of authority.

As indicated, where, as in the present case, there was no new evidence or other proceedings in the Circuit Court, and the trial court reviewed the complete record certified to it by the Workmen's Compensation Commission, we hold a motion for a new trial was not necessary.

If, however, the Act should be construed to permit additional evidence to be presented to the Circuit Court, for example in cases where it may be alleged that the award was procured by fraud, we hold that a motion for a new trial would be necessary.

Accordingly, the motion to affirm is denied.

Justice GEORGE ROSE SMITH concurs.

GEORGE ROSE SMITH, J., concurring. I think the appellee's motion should be denied, but I am unwilling to say that the transcript of the proceedings before the Commission constitutes the record within the meaning of the rule that a motion for new trial is unnecessary when error appears on the face of the record. I should put the decision on the ground that the circuit court sits as an appellate tribunal in reviewing Workmen's Compensation cases on the record alone; so a motion for a new trial is unnecessary simply because there has been no trial at all in the circuit court.

FRANK G. SMITH, J., dissenting. The Workmen's Compensation Act provides for a review of the Commission's awards by the Circuit Court and that an ''Appeal from the Circuit Court shall be allowed the same as in civil actions.'' Section 25, Act 319 of the Acts of

1939. The initiated Compensation Act which became effective December 3, 1948, has the same provisions. Jurisdiction was given to the Circuit Court and not to the Chancery Court in actions arising under the Workmen's Compensation Act. Such actions should therefore conform to the procedure of the Circuit Court which requires a motion for a new trial to review an error not apparent on the face of the record.

What is the practice in civil actions arising in the Circuit Court? It has been so often said that it has become axiomatic that on appeals to the Supreme Court from the Circuit Court the motion for a new trial is essential in all cases to review an alleged error not apparent from the face of the record, and by the face of the record is meant the judgment sought to be reviewed and the pleadings upon which it was based. It does not include the testimony heard at the trial. Appellant begins his brief by saying that the testimony does not establish the fact that claimant's death was caused by the injuries sustained. In other words, the facts do not support the award, and this is one of the four things which the courts may review. See Par. 3, § 25 of the Compensation Act. Certainly a motion for a new trial was necessary to call this alleged error to the attention of the trial court.

Motions for new trials serve a double purpose, the first, and of most practical importance is that it calls to the attention of the trial court an error complained of, and affords opportunity for correction by granting a new trial, if not otherwise.

The motion for a new trial simplifies the review of the case on appeal as it limits the review of the trial by the appellate court to those errors thought to be of sufficient importance to have induced an exception to some ruling of the trial court.

Now while the Compensation Act limits the matters which may be reviewed on appeal, yet there are four grounds for review, one of these being that the testimony does not support the award.

The same reasons and the same necessity for a motion for a new trial exists in the exercise of this limited right of review as exists in other cases, and this right of review, limited as it is, may be exercised as in other circuit court cases, which is by filing a motion for a new trial, calling the court's attention specifically to any alleged error. Common fairness to the trial court suggests this should be done and the statute so provides.

In the chapter on Workmen's Compensation Acts, 71 C. J., § 1185, p. 1244, it is said: "Although a motion for a new trial and exception to its refusal may be necessary to raise and preserve the question as to the sufficiency of evidence to support an award, and, in the absence of a motion for a new trial in the court below, an award cannot on appeal be changed with reference to testimony that was not made the basis of a finding below, nor may other questions involving an examination of conflicting evidence presented below be considered on appeal from the original proceedings, in the absence of a motion for a new trial therein, questions as to absence of evidence to sustain a judgment in compensation proceedings may be considered on review where such questions have been presented below by a motion for new trial." Among cases cited to support the text quoted is that of *Brocco* v. *May Dept. Stores Co.,* 22 S. W. 2d, 832.

The case of *State* v. *Haid,* 327 Mo. 567, 38 S. W. 2d 44, cited in the majority opinion is a commission of the Brocco case, *supra,* which it cites and does not overrule, and if it be true that the Missouri Compensation Act permits appeal without a motion for new trial, that practice is opposed to the spirit and genius of our practice, which requires a motion for a new trial to review an error which does not appear from the face of the record.

It is therefore my opinion, in which Justice McFADDIN concurs, that only errors may be reviewed which are apparent from the face of the record, in the absence of a motion for a new trial, and as none appear on the face of the record, the testimony being no part of the record proper, the appeal should be dismissed.