LEDBETTER v. ADAMS.

4-9193                                    230 S. W. 2d 21

Opinion delivered May 15, 1950.

*T. J. Gentry* and *Thad Tisdale,* for appellant.

*John H. Wright,* for appellee.

Ed. F. McFaddin, Justice. Appellants are the widow and minor children of J. D. Ledbetter who was killed on October 22, 1948, while employed as a driver for the City Cab Company of Arkadelphia, Arkansas. Claim was duly filed by appellants with the Arkansas Workmen's Compensation Commission, and resulted in a finding by the Commission that appellee, Tommie Adams, was the owner of the City Cab Company, the employer of Ledbetter, and therefore liable for compensation payments. From such award appellee, Adams, appealed to the Circuit Court which reversed the Commission's finding and nullified the award. Appellants now seek reversal of the Circuit Court judgment and reinstatement of the Commission's award.

I. *Absence of Motion for New Trial.* Appellee urges that the appeal be dismissed, since no motion for new trial was filed in the Circuit Court; but we hold that no such motion was necessary, because the Circuit Court tried the case entirely on the record certified by the Workmen's Compensation Commission. The recent case of *Springdale Monument Company* v. *Allen,* 215 Ark. 788, 223 S. W. 2d 802, settles the point. In that case we said:

"As indicated, where, as in the present case, there was no new evidence or other proceedings in the Circuit Court, and the trial court reviewed the complete record certified to it by the Workmen's Compensation Commission, we hold a motion for a new trial was not necessary."

II. *Liability of Appellee.* This was the strongly contested issue before the Commission and Circuit Court: it being argued (a) that appellee was not the employer of five persons; and (b) that appellee was not the employer of Ledbetter. As to appellee not being the employer of five or more persons,[1] little need be said. The witnesses listed the names of at least five employees if Ledbetter be considered one; so the employment of Ledbetter by appellee is the determinative question. The Workmen's Compensation Commission found that appellee was the

---

[1] See Sec. 81-1302, Ark. Stats. 1947; also 1949 Cumulative Pocket Supplement to that section, and containing Initiated Act No. 4 of 1948.

employer of Ledbetter and liable for the award. The Circuit Court—on the same evidence—found that Ledbetter was not employed by appellee, but was employed by the witness, Earl Pike.

The undisputed evidence shows that five taxicabs were registered, licensed, and insured in the name of appellee, Adams; that these were driven by various persons; and that Ledbetter was driving one of these taxicabs at the time he was killed in a traffic collision. But Adams claimed that he had sold this particular cab and two others to Earl Pike (his kinsman) in January, 1948, (before Ledbetter was killed in October) and that Ledbetter was an employee of Pike. Adams was substantiated by Pike who claimed Ledbetter as his employee. Of course, if there were only five taxi drivers, and if three were employed by Pike and two by Adams, then neither Adams nor Pike would come within the purview of the Workmen's Compensation Law which is limited to employers of five or more persons.[2]

The evidence disclosed that Pike and Adams registered, in Adams' name, the cabs which Pike now claims to own; that neither the City, the State, nor the public liability insurance carrier was ever notified that Adams had sold any of the cabs to Pike; and that Pike filed, in Adams' name, claims with the public liability carrier. On the strength of the evidence herein detailed, and other of like nature, the Commission made these findings:

"We are convinced from the evidence that the contention of Tommie D. Adams, that he only operates two cabs under the name of City Cab Company, and the contention of Earl Pike that three of the cabs operating under the name of City Cab Company belong to him and that there is no common ownership of all five cabs, or partnership ownership of all five cabs, is simply a subterfuge engaged in to defeat the purpose of the Arkansas Workmen's Compensation Act.

"We are convinced from the evidence that Tommie D. Adams, doing business as the City Cab Company, owns

[2] See Footnote 1 (*supra*).

all the cabs and that at the time of the death of Jeff D. Ledbetter on October 22, 1948, he had five or more employees, one of which was Jeff D. Ledbetter.

"The registration of all the cabs for licenses in the name of Adams and the insurance coverage on all the cabs in the name of Adams is such a strong circumstance, that when taken with all the other evidence, convinces us that Tommie D. Adams is the actual owner of all the cabs operating under the name of City Cab Company, and that he had a sufficient number of employees to bring him within the provisions of the Arkansas Workmen's Compensation Act."

We hold that there was sufficient competent evidence from which the Commission could have found—as it did —that Adams was (a) the employer of five or more persons; (b) the real owner of the entire taxicab business of the City Cab Company; and (c) the employer of Ledbetter. In *Wren* v. *D. F. Jones Construction Co.*, 210 Ark. 40, 194 S. W. 2d 896, we reviewed cases showing the right of the Workmen's Compensation Commission to draw conclusions and inferences from the evidence, and said:

"Under our Workmen's Compensation Law the Commission acts as a trier of the facts—*i. e.*, a jury—in drawing the inferences and reaching the conclusions from the facts. We have repeatedly held that the finding of the Commission is entitled to the same force and effect as a jury verdict."

Since there was substantial evidence to support the inferences drawn and the conclusions reached by the Workmen's Compensation Commission, it follows that the Circuit Court was in error in reversing the factual findings of the Commission. See *Lundell* v. *Walker*, 204 Ark. 871, 165 S. W. 2d 600; *J. L. Williams & Sons* v. *Smith*, 205 Ark. 604, 170 S. W. 2d 82; and *Simmons National Bank* v. *Brown*, 210 Ark. 311, 195 S. W. 2d 539.

If the transfer from Adams to Pike had been in good faith, nevertheless the authorities hold (1) that the original employer remains liable under the Workmen's Com-

pensation Act, until there has been a reasonable time, or course of events, for knowledge of change of employer to be brought home to the employee; and (2) that the relationship of employer and employee is presumed to continue for a reasonable time after a sale of the business made without the knowledge of the employee. See *Palmer v. Main,* 209 Ky. 226, 272 S. W. 736; *Buchanan Min. Co. v. Henson,* 228 Ky. 367, 15 S. W. 2d 291; Schneider's Workmen's Compensation Text, Perm. Ed., § 788; Horowitz on "Workmen's Compensation," p. 228, *et seq.;* and also 71 C. J. 397. So even in the absence of a finding as to subterfuge, appellee, Adams, could have been held liable within the purview of the authorities just cited.

The judgment of the Circuit Court is reversed and the cause remanded, with directions to the Circuit Court to certify to the Workmen's Compensation Commission that its award is reinstated and affirmed.