E. L. ALLEN, Appellant,

v.

O.K. MOBILE HOME SALES, INC. and Clyde Elwood Scott, Jr., Appellees.

Court of Appeals of Kentucky.

Aug. 25, 1978.

Charles G. Cole, Cole, Cole & Anderson, Barbourville, for appellant.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellees.

Before HAYES, PARK and WHITE, JJ.

HAYES, Judge.

Appellant, E. L. Allen has appealed the granting of a motion for a summary judgment by the trial court. The issue there was whether Allen's complaint for damages as a result of appellees' negligence was barred by the one year statute of limitations. Therefore, the only issue before us is whether a genuine issue of fact exists concerning whether the summonses on the complaint were issued in good faith.

The record on this issue consists of the complaint filed by Carlos Pope, the former attorney for appellant, and affidavits by Pope, the sheriff of Lincoln County, Kentucky; attorney Glenn W. Denham; and the deputy circuit court clerk of Knox County, Kentucky.

The complaint, bearing Knox County Circuit Court No. 5194, contains an attestation by the deputy circuit clerk that the complaint was filed and summonses were issued on January 16, 1975. The date of the accident giving rise to appellant's cause of action was January 28, 1974.

The affidavit of Pope states generally that the complaint was filed on January 16, 1975, and process was issued the same date and mailed to Lincoln County, Kentucky. The affidavit doesn't state who mailed the process to the Lincoln County Sheriff; however, during oral argument, present counsel for appellant admitted that Pope had received the summonses and had mailed them.

The affidavit of the Lincoln County Sheriff generally states that there is no record of any process received by that office during the year 1975, pertaining to appellant's complaint.

The affidavit of attorney Denham generally states that he was present in the Knox Circuit Court Clerk's Office when he overheard a deputy clerk discuss this case with appellees' attorney. The deputy clerk related that no complaint had been filed and that the summonses had been given to attorney Pope.

In her affidavit, the deputy clerk referred to above denied making a statement that no complaint had been filed. She stated the complaint had been filed and that she had issued summonses. She does not state what she did with the summonses.

Summonses issued July 1, 1976, were actually served on appellees on July 6, 1976, in Knox County and July 8, 1976, in Lincoln County.

As stated in *Louisville and Nashville Railroad Co. v. Little*, 264 Ky. 579, 95 S.W.2d 253 (1936), the taking out of summons is presumptive evidence of an intention to have it served in due course. This is a rebuttable presumption. If the evidence shows that the clerk issued the summons conditionally, i. e., at the request of the attorney the summons was delivered to him with the intention of the attorney to deliver it to the sheriff at some future time, then the presumption of good faith issuance is rebutted if the service of the summons is made after the right to sue ends. See *Whittinghill v. Smith*, Ky.App., 562 S.W.2d 649 (1977) (Discretionary review denied April 4, 1978). CR 4.01 makes it mandatory on the clerk to issue the required summons and cause it to be delivered for service. This is particularly significant in this case since the official record bears an attestation by the clerk that summonses were issued. We believe we are entitled to assume then that the complaint was filed and summonses were issued on January 16, 1975, well within the one year period of limitation.

The question is then whether the attorney directed that the summonses be issued by the clerk conditionally.

This same question was presented in *Blue Grass Mining Co. v. Stamper, et al.*, 267 Ky. 643, 103 S.W.2d 112 (1937). The Court of Appeals on page 645, 103 S.W.2d at 113 of that opinion stated:

. . . If it had been made to appear that Stamper or his attorney had taken charge of the summons and failed to deliver it to the sheriff until after the period of limitation had expired, a different question would be presented. *Blue Grass Mining Co. v. North*, 265 Ky. 250, 96 S.W.2d 757; *Louisville & N. R. Co. v. Little*, 264 Ky. 579, 95 S.W.2d 253. All that we have is that the process did not reach the office of the sheriff of Perry county until January 1st. As the clerk or the sheriff may have been at fault, the evidence relied on falls far short of showing that the delay was due to any willful or negligent action on the part of Stamper or his attorney. When a party has caused the summons to issue in good faith, he has complied with the law and saved his right of action in respect of time, for it is the official duty of the clerk to see that the process is delivered to the sheriff for service, . . .

The only evidence of record in this case that the attorney for appellant received the summonses from the clerk is contained in an affidavit by attorney Glenn Denham submitted on behalf of the appellees. However, we are constrained to accept the statement of appellant's attorney made during oral argument that Pope had received the summonses.

■ We have no problem with the fact that an attorney for a party on appeal may waive an assignment of error either expressly or impliedly. For a general discussion in this area see 5B C.J.S. *Appeal and Error* § 1801 and § 1802. However, the discussion therein and the case of *Harmon v. Blackburn*, 278 Ky. 306, 128 S.W.2d 730 (1939), deal primarily with points of law.

■ The question here is whether counsel for a party may concede or waive a question of fact not supported by the record on appeal. More particularly, where the only question on appeal is whether a genuine issue of a material fact exists as a result of a summary judgment entered in the trial court, may the attorney for appellant on oral argument concede that no genuine issue of fact exists where the record would indicate that an issue on this subject does exist? Are we to be bound by the attorney's statement of the facts or are we to determine the facts from the record before us?

This apparently being a question of first impression in Kentucky, we are of the opinion that the rule of law in *Robinson v. Hill-Diesel Engine Co.*, 255 Mich. 289, 238 N.W. 277 (1931) should be adopted. In that case, the issues on appeal involved merely questions of fact. Robinson, who was the original plaintiff and on appeal was cross-appellee as well as appellant, in his brief conceded a fact that had been construed differently by the trial court. The Michigan Supreme Court held that even though the record indicated that the trial court had properly decided the issue of fact upon the evidence before it, the Supreme Court would accept the concession. On the basis of that concession, the amount of Robinson's judgment was reduced on appeal.

Therefore, even considering the facts in a light most favorable to the appellant, we agree with the trial court that there exists no genuine issue of a material fact.

We affirm the trial court.

All concur.