WRIGHT, J., CONCURRING IN PART AND DISSENTING IN PART: I concur with the majority’s excellent analysis and determination that “we regard the summons for the Bank to have been issued contemporaneously with the filing of the appeal before the expiration of the time limitation.” The majority correctly states that good faith requires the party to diligently attend to the service of the summons. However, I disagree that Appellants failed to comply with the “good faith” element. In holding otherwise, both lower courts and the majority all consider the wrong time period. Therefore, I dissent in part. OR 3.01 requires “the issuance of a summons ... in good faith.” In order to determine whether the summons was issued in good faith, we must examine the circumstances and the’ actions of Appellants’ attorney, Mr.' Higdon. Higdon had contacted two of the Appellees and obtained waivers of service from them prior to filing the complaint. The deputy circuit court clerk who filed the action improperly refused to issue the summons for the Bank, the only remaining party. Unable to obtain a summons from the clerk, Higdon personally carried' the complaint to the offices of the Bank’s local -counsel. Unfortunately, the office was closed. Improperly denied a summons by the deputy circuit court clerk, Higdon tried to obtain a waiver of service before the expiration of time in which to file the case. The next day (a day after the period for filing the case had expired), Higdon returned to the circuit court clerk’s office and a different deputy clerk issued the summons. I agree with the majority that the deputy clerk improperly refused to issue the summons when the appeal was filed. Therefore, equitable tolling would require that the summons be considered as issued contemporaneously with the filing of the appeal—just as the majority holds. Higdon was unable to take any action to serve the summons- until the deputy clerk actually issued it the day after Higdon filed the appeal. The trial court found that; Mr. Higdon testified that he sought to retain the summons so he could serve it himself or via the constable for a smaller fee than the .sheriffs office. Mr. Higdon . then testified he attempted to serve the summons to Mr. Lankford (on behalf of Town and Country Bank) at his office only once. On that occasion the door was locked. Mr. Higdon never again attempted formal service on [Town] and Country Bank until he retained Constable Bobby ■ Townsend, who successfully served Town and Country Bank on August 10,2012. The trial court found that Higdon, personally tried to ■ serve the summons on the Bank after the summons was issued. The summons was issued in good faith since Higdon personally tried to serve the summons shortly after-the deputy circuit court clerk issued it. The question that now confronts us is whether Higdon’s delay in taking additional steps constitutes an abandonment of good-faith intent to serve the-summons. • Since the trial court found that Mr. Hig-don did attempt-to serve the summons, the question before the court was whether he abandoned good-faith service due to the delay between his attempt to serve the summons and retaining the constable to serve the summons. The trial court found that Higdon retained Constable Bobby Townsend to serve the summons and based it’s ruling on when the constable served the Bank on August 10, 2012. The trial court’s order was erroneously based on the court’s determination that “Appellant failed to issue a summons in good faith....” The trial court based it’s ruling on the August 10 date of service, which occurred, as the majority points out, more than three weeks after issuance of the summons. The trial court should not have used this August 10 date in its evaluation of whether Higdon! abandoned the good-faith effort to serve the summons. Rather, the trial court should have Considered that Higdon made an additional effort between the issuance and the service of the summons. As previously noted, Higdon attempted to serve the summons personally. When that failed, he eventually gaye up on either obtaining a waiver of service or personally serving the Bank and retained Constable Bobby Townsend. Delivery of the summons to the constable for service demonstrates a continuing good-faith effort at service. Therefore, the period of time the court should have considered in determining whether there was a continuing good-faith effort is the time between Higdon’s attempt at personal service and his delivery of the summons to the constable. This ruling caused confusion in the Court of Appeals, as demonstrated in that court’s majority opinion which stated “[t]wo days after receiving Tackett’s motion to dismiss, Appellants’ attorney retained a constable to serve the summons on the Bank.” In actuality, Higdon retained the constable to serve the summons four days prior to' the filing of Tackett’s motion to dismiss; The Court of Appeals’ majority opinion also stated “[i]n addition, counsel waited for three more weeks to retain a constable to effect service on the Bank, and even then, only in response to Tackett’s motion to dismiss." This misunderstanding of the sequence of events and time periods involved is repeated throughout the Court of Appeals’ majority and concurring opinions. The delay in this case is less than the delay allowed in Rucker’s Adm’r v. Roadway Express, Inc., 131 S.W.2d 840. In the Rucker’s case, there was a delay of six weeks between issuance of the summons and service. The excuse presented by the attorney in that case was that his wife was in the hospital for three weeks, and then he misfiled the summons, and had: to’ obtain another. Even if we deduct the three weeks the attorney’s wife was in the hospital and allow a day for the re-issuance of the summons, the attorney - in that case still had a 20-day delay. Our predecessor court held that delay was insufficient to demonstrate abandonment of good-faith intent to serve the summons. In the current case, the date, between the issuance of the summons and Higdon giving it to the constable for service was 17 days or less. Is that delay so egregious that we will abandon the precedent set in Rucker’s and bar the parties from having their case resolved on its merits? . In another case, Title Ins. & Tr. Co. v. City of Paducah, 275 Ky. 392, 121 S.W.2d 932 (1938), this Court’s predecessor held that because the summonses in question were delivered to the sheriffs office, the suit was commenced in good faith. It had no bearing on the court’s decision that the sheriff did not serve all of the summonses. The mere fact that they were conveyed to the sheriffs office was’ enough to substantiate good faith. The same should hold true here, Once Appellants conveyed the Bank’s summons to the constable, .they were acting in good faith. The timeline is extremely important in determining good faith in this case. Higdon took the following actions demonstrating his good faith: he obtained waivers of service from two of thé parties prior to filing the complaint; when the deputy circuit court clerk refused to issue the summons, Higdon attehipted to deliver the appeal to the Bank’s attorney seeking waiver of service; after a different deputy circuit court clerk issued the summons, Higdon attempted to personally serve the summons; he held- the summons for less than 17 days in hopes of personally serving it or- obtaining a waiver of service; and Higdon retained a constable to serve the summons. Then, four days after Higdon’s retention of the constable, Tackett filed a motion to dismiss. Finally, three days later, the constable served the summons. In conclusion, the question before the Court is whether Appellants abandoned good-faith service of the summons. The time period that must be considered in resolving this question is that between Higdon’s attempt to personally serve the summons and his delivery of the summons to the constable for service. The trial court erroneously based its ruling upon the time period between tiling of the appeal and service of the summons—as do both the Court of Appeals and the majority opinion of this Court. Therefore, the Court of Appeals’ opinion should be reversed and the matter remanded to the trial court to determine whether there was abandonment of good faith to serve the summons between Higdon’s attempt to serve the summons and delivery of the summons to the constable for service. Cunningham, J., joins.