BANKS *v.* JONES

5-3551 390 S. W. 2d 108

Opinion Delivered May 3, 1965.

[Rehearing denied June 7, 1965.]

*Bernard Whetstone,* for appellant.

*Shackleford & Shackleford,* for appellee.

FRANK HOLT, Associate Justice. This appeal arises from a decree of the chancery court refusing to hold that a corporate entity was a fiction and, therefore, appellee became personally liable for the injuries sustained by appellant.

In August 1960 Jumping Jills, Inc., was duly incorporated pursuant to the statutes of Arkansas. The corporation proceeded to operate a business which offered to the public the use of certain gymnastic equipment commonly referred to as "trampolines". In September 1960 the appellant's sixteen-year-old son sustained an injury while using this equipment. Suit was instituted in April 1961 against the corporation to recover for the injuries based upon alleged negligence in the operation of the equipment. In March 1963 appellant filed an amendment to her complaint making the appellee an additional party individually and as Gerald Jones d/b/a Seven Drive In Theater. By the amendment appellant alleged the appellee had organized the corporation to avoid personal responsibility owed to the public; that the corporation was a fiction; that the corporate entity should be set aside and a judgment entered against the appellee as an individual for the injuries sustained. The personal injury suit was tried to a jury resulting in a judgment in the amount of $1,000.00 for appellant and also $1,000.00 for her minor son. The circuit court reserved from the jury the issue raised by the amendment to the complaint. Judgment was entered against the corporation upon the jury verdict. The trial court then transferred to equity the issues of corporate fiction and resulting individual liability which were raised by the amendment.

On appeal from the adverse ruling rendered by the chancery court appellant first contends for reversal that

the court erred in holding that the ''corporate veil should not be pierced and the responsibility placed'' upon the appellee. Appellant's main argument under his first contention is that since appellee was the owner of 80% of the stock in Jumping Jills, Inc., the owner of the Seven Drive In Theater, and owner of land upon which both enterprises were located the two enterprises were a composite operation owned by appellee and, therefore, he was individually responsible.

The trampoline enterprise was adjacent to the appellee's theater business on land owned by the appellee individually. Only the appellee and the minor who was injured testified in the case. The minor testified that he observed no public signs indicating that the trampoline business was owned by Jumping Jills, Inc. He bought his tickets at separate entrances when attending the theater and trampoline area and neither ticket admitted him to the other business operation. His testimony tends to confirm the appellee's assertion that the two businesses were operated as separate ventures. Appellee testified that he was the sole owner of the Seven Drive In Theater and the land upon which the theater and trampoline businesses were located. A fence separated the two businesses; separate admission prices were paid. It was a family owned corporation since he owned 80% of the Jumping Jills, Inc., his wife 10%, and his step-son 10%. As president of the corporation he employed the personnel which consisted of two individuals. The corporation paid $200.00 per month to the Drive In Theater business under a lease agreement for the use of the trampoline equipment and the lands. Separate books were kept on the two businesses and advertising was handled separately. The trampoline business existed only for about three months in 1960 since it was unprofitable; federal and state income tax returns were properly filed by the corporation. The corporation purchased and paid $800.00 as an annual premium for liability insurance through an insurance agency. The insurance company, a Canadian organization selected by the agency, later became bankrupt. Appellee had no knowledge of this until after this claim arose. The testimony of

appellee is undisputed and conclusively established that Jumping Jills, Inc., was a properly constituted and existing corporation under the laws of our state at the time of the alleged injuries. Also, that the dissolution of the corporation was regularly and properly accomplished.

It is true that in special circumstances the court will disregard the corporate facade when the form has been illegally abused. *Black and White, Inc.* v. *Love,* 236 Ark. 529, 367 S. W. 2d 427. However, the rule of piercing the fiction of a corporate entity should be applied with great caution. In the case at bar there was no interchange of employees, facilities, funds and management as was present in *Black and White, Inc.* v. *Love, supra,* relied upon by appellant. We agree with the chancellor that the evidence in the instant case does not support a finding that there was an illegal abuse of the corporate form to the injury of the appellant. Further, it is well settled that a corporation and its stockholders are separate and distinct entities even though a stockholder may be the owner of a majority of the stock in a corporation. *Mannon* v. *R. A. Young & Sons Coal Co.,* 207 Ark. 98, 179 S. W. 2d 457; *Atkinson* v. Reid, 185 Ark. 301, 47 S. W. 2d 571; *G. W. Jones Lbr. Co.* v. *Wisarkana Lbr. Co.,* 125 Ark. 65, 187 S. W. 1068.

Appellant's next two points alleged confiscation by appellee of approximately $500.00 of the assets of the dissolved corporation under such circumstances as to hold. him personally liable to that extent for the judgment against the corporation. These issues were not before the trial court and cannot properly be raised for the first time on appeal. *Missouri Pacific R. Co.* v. *J. W. Myers Comm. Co.,* 196 Ark. 976, 120 S. W. 2d 693 and *Angelletti* v. *Angelletti,* 209 Ark. 991, 193 S. W. 2d 330. The pleadings, as. amended, sought only to pierce the corporate veil and in no way sought to follow the assets of the corporation for the satisfaction of the judgment. The cause was not tried. on this issue. The trial court's written opinion recognized. only the issue of piercing the corporate veil.

However, if we consider these two points on their merits we must hold there is no evidence that the appellee

confiscated any of the corporate assets with the intent to defraud the appellant.

The decree is affirmed.