John Clinton ALLEN, Appellant,

v.

Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.

No. 9062.

United States Court of Appeals Tenth Circuit.

Jan. 19, 1967.

John A. Mitchell, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PICKETT, Circuit Judge.

In this habeas corpus proceeding, appellant Allen seeks his release from the New Mexico State Penitentiary, where he is serving concurrently a 5 to 99 year sentence for burglary, and a 3 to 25 year sentence for armed robbery. He alleges that at the time he entered a plea of guilty to the crimes charged he was not afforded fundamental constitutional rights. The case is here for the second time. On the first appeal, the judgment of the United States District Court for the District of New Mexico denying relief was reversed and the case remanded for further hearing on the question of the competency and adequacy of Allen's representation by court-appointed counsel, and whether his plea of guilty was voluntary. Pearce v. Cox, 10 Cir., 354 F.2d 884, Allen's Appeal, p. 900. After the second hearing the court again dismissed the petition.

At the second hearing, Allen testified that J. W. Neal was appointed as his attorney; that immediately after the appointment they retired to a room in the law library of the courthouse to discuss the case, and he estimated that this meeting lasted about five, but no more than fifteen minutes; that Neal advised him of the nature of the charge and the punishment he could receive if convicted. Allen knew that he was entitled to a jury trial; he believed that Neal discussed the case with the District Attorney or an assistant; that Neal explained to him the possibility that the New Mexico Habitual Criminal Statute would be invoked; and Allen said he did not want to get a life sentence on such a charge. He also testified that the Sheriff and the District Attorney advised him that if he did not plead guilty, the Habitual Criminal Statute would be invoked and his wife would be prosecuted as an accessory. He said these statements were disclosed to Mr. Neal.

Mr. Neal, an attorney with wide experience in criminal matters, was called as a witness and explained the system used by the District Judge in appointing attorneys for indigents charged with crimes; that he was appointed to represent Allen, but had very little recollection of what occurred immediately after his appointment and prior to the entry of the plea of guilty; he recalled that he was furnished the prosecution's investigative file which he used in discussing the case with Allen. He said that the investigative file contained an unsigned statement which Allen had made to the Sheriff. This statement was discussed with Allen along with his desire to plead guilty. He did not remember that Allen mentioned the possibility of a prosecution under the Habitual Criminal Statute or that Allen's wife might be charged as an accessory. He said that he would not have been intimidated into pleading a defendant guilty by such threats. Neal did not remember how long he was in conference with Allen before the entry of the guilty plea. He stated that he was not pressured by the District Judge or District Attorney to plead immediately, and thought he had sufficient time and information to make a recommendation. When Allen was taken before the District Court for arraignment, Neal stated:

> " 'I have gone over the counts with him and the penalties; he fully understands his rights and the charges and the consequences thereto. I have been advised by Mr. Allen that he wants to enter a plea of guilty to both counts.' " Pearce v. Cox, supra at 900.

■ The trial court found that Allen was adequately and competently represented by his appointed counsel. Except for the shortness of time between the appointment and the plea of guilty, there is nothing in the record to the contrary. Mr. Neal is an attorney with broad experience in the field of criminal law. He examined the District Attorney's investigative file, including Allen's statement to the Sheriff. He discussed the contents of this statement with Allen and his desire to enter a plea of guilty. He advised Allen of the pending counts and the consequences of a plea of guilty. We have said that "the competence of counsel cannot be determined solely on the basis of the amount of time he spent interviewing his client." Silva v. Cox, 10 Cir., 351 F.2d 61, cert. denied 383 U.S. 919, 86 S.Ct. 915, 15 L.Ed.2d 673.

■ We are satisfied that when the record is considered as a whole, it is sufficient to sustain the court's finding that Allen's plea of guilty was voluntary. Allen was no novice in the criminal courts; he knew that he could be prosecuted as an habitual criminal and had stated that he "didn't want to get my wife involved in it." He makes no explanation of the reference to his wife or what part she may have taken in the commission of the crime. His desire to protect his wife from prosecution does not of itself render the plea involuntary. The important thing is that his plea be genuine and that he not be deceived or coerced. Cortez v. United States, 9 Cir., 337 F.2d 699, cert. denied 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726. Courts are careful not to accept guilty pleas "unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound." Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 583, 71 L.Ed. 1009. Assuming that the District Attorney and the Sheriff told Allen that he could be sentenced as an habitual criminal, so far as this record shows, it was no more than a statement of his potential criminal responsibility, which he already knew. See, Lattin v. Cox, 10 Cir., 355 F.2d 397. The court's findings were not clearly erroneous.

Affirmed.