Wendell **WILLIAMS**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54497.

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1970.

John R. Murphy, Jr., Kansas City, for appellant.

John C. Danforth, Atty. Gen., James M. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

Movant was tried and convicted in May, 1966, of assault with a deadly weapon with intent to kill, for which a sentence of

twenty-five years was imposed. That judgment was affirmed on appeal. State v. Williams, Mo., 419 S.W.2d 49. Movant thereafter filed a motion to vacate under Supreme Court Rule 27.26, V.A.M.R. This is an appeal from an order of the trial court overruling that motion. We affirm.

The single issue presented on this appeal is whether movant was denied effective assistance of counsel in the handling of the charge against him in 1966. This issue was raised and considered on his direct appeal. 419 S.W.2d 49 [10]. However, on this appeal he suggests that the court did not have all the facts on that issue on the direct appeal and hence should now consider the question anew. To do so is consistent with the position announced by this court since the Williams decision to the effect that we will not consider claims of ineffective assistance of counsel on direct appeal, but will review them under Rule 27.26 when we can consider all relevant evidence and have the benefit of the trial court's findings on that issue. State v. Blackwell, Mo., 459 S.W.2d 268, decided November 9, 1970; State v. Cluck, Mo., 451 S.W.2d 103. Accordingly, we review the question herein.

An evidentiary hearing was held at which both movant and the attorney who tried the case testified. Subsequently, the trial court made detailed findings of fact and conclusions of law, the ultimate determination being that movant had effective assistance of counsel. On this appeal we review to determine whether these findings and conclusions are clearly erroneous. Supreme Court Rule 27.26(j); Crosswhite v. State, Mo., 426 S.W.2d 67.

We have reviewed the record. There is ample evidence to support the findings and conclusions and they are not clearly erroneous. At the evidentiary hearing a considerable portion of movant's complaint was that although his attorney had used several witnesses suggested by movant, he had not called two whom movant wanted. However, the evidence disclosed that the attorney had a search made for one of those persons and he could not be found. The other was a witness who was arrested at the scene of the crime and who had testified at the preliminary hearing that movant was in the car at the time of the shooting. The defense was one of alibi and it is obvious why counsel concluded it would not be in movant's best interest to call this witness. It is significant also that as to this prospective witness, movant admitted on the stand that, "I really wouldn't know what he would testify to."

In his brief and argument on appeal, movant does not point out any incident in the trial wherein counsel was ineffective. In fact, counsel says that the trial was conducted so that it would seem that defendant was getting all he was entitled to. Nevertheless, it is argued that trial preparation was deficient and for this reason movant received ineffective assistance of counsel. His brief says, "Pre-trial investigation obviously was minimal at best and hence, the defense itself could not have been conducted with full fairness to the accused."

This claim is based on testimony that attorneys Wilson and Meacham, both with the Legal Aid and Defender Society of Greater Kansas City, spent only short periods of time conferring with movant in connection with preparation for trial, and that Mr. Harrington, of the Legal Aid Society, who actually tried the case, also spent only a small amount of time with him in advance of trial. The brief estimates an hour and fifteen minutes spent conferring with the three attorneys in advance of trial, and that Mr. Harrington spent two to four hours preparing to argue the case.

This showing did not establish ineffective assistance of counsel. In Johnson v. State, Mo., 442 S.W.2d 41, 45, we said, quoting Allen v. Rodriguez, 10th Cir., 372 F.2d 116, 117: " ' * * * "[T]he competence of counsel cannot be determined solely on the basis of the amount of time he spent interviewing his client." ' " See also Kress v.

United States, 8th Cir., 411 F.2d 16, 22, and United States v. Wight, 2d Cir., 176 F.2d 376, 379, cert. denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586.

As stated, we find that the trial court's findings are not clearly erroneous. We definitely are not left with the feeling, after reading the record, that a mistake has been committed, and the record does not disclose that the trial was a mockery, sham or farce. State v. Schaffer, Mo., 454 S.W.2d 60, 65; State v. Cook, Mo., 440 S.W.2d 461, 466.

Judgment affirmed.

All of the Judges concur.