Marshall A. HUMPHRIES d/b/a FARMERS
GULF STATION and FARMERS AUTO PARTS
and BODY SHOP *v.* Wilbur BRAY

CA 80-427                                    611 S.W. 2d 791

Court of Appeals of Arkansas
Opinion delivered February 18, 1981

*Butler, Hicky & Hicky*, for appellant.

*Mobley & Smith*, for appellee.

Tom Glaze, Judge. In this Workers' Compensation case, the appellant, Marshall A. Humphries, is the employer of the claimant, Wilbur Bray, and the sole proprietor of Farmers Gulf Station (Gulf) and Farmers Repair Shop (Repair). In addition, the appellant is the sole shareholder, president and manager of Farmers Auto Supply, Inc. (Supply, Inc.) of Earl, Arkansas.[1] The appellee, Wilbur Bray, was employed by Gulf, and four other employees worked for appellant's businesses: Gulf, Ollie Cox; Supply, Inc., Linda Shidler and Ronald McNair; Repair, Walter Baker. During his employment, the appellee was airing a tire when the rim of the tire blew off and injured the appellee. He suffered injuries which consisted of multiple fractures of the arms, legs, ribs and shoulder. Appellee was hospitalized for eight weeks and was released to return to work in April, 1977.

The primary issue in this appeal is whether the appellee's job was within the definition of "employment" as set out in the Workers' Compensation Act. At the time of the appellee's injury, Ark. Stat. Ann. § 81-1302(c) (Repl. 1960) provided as follows:

"Employment" means:

(1) Every employment carried on in this State in which five (5) or more employees are regularly employed by the same employer in the course of business or businesses...

The Administrative Law Judge concluded that the appellant had five employees at the time of the injury herein, and thus, the appellee was engaged in covered employment. The Judge's conclusions were based upon the finding that three of the businesses, including Supply, Inc., were operated and controlled by the appellant, and notwithstanding their legal status, should be combined for the purpose of

---

[1]Throughout the record Farmers Auto Supply, Inc. of Earle, Arkansas, is also referred to as Farmers Auto Parts and Supply or Farmers Auto Parts. For purposes of simplicity, the name Supply, Inc. has been substituted in this opinion whenever the name of the business is mentioned.

determining covered employment. In so finding, the Judge decided the correlative issue that employees of a corporate entity held and controlled by a single shareholder may be combined with employees of the shareholder's other enterprises. In view of this finding, the Administrative Law Judge determined the appellant was the same employer under § 81-1302(c) above for five employees who worked for appellant's separate businesses. On appeal the Full Commission found the opinion of the Administrative Law Judge to be well reasoned and thorough and the Commission adopted and affirmed the Judge's opinion.

In reviewing the Commission's decision, the pivotal issue is whether it correctly held that the two employees who worked for Supply, Inc. could be added to the other three employees hired by appellant in his Repair and Gulf businesses. Neither appellant nor appellee cite any Arkansas Workers' Compensation cases that address this issue. In contending that a corporation should be treated as a separate employer, appellant does cite cases in other jurisdictions which he argues are similar to the facts and issues before us. In this connection, appellant relies on the case of *Crall* v. *Hockman*, 460 S.W. 2d 688 (Mo. 1970) wherein the Missouri Supreme Court held that a partnership was a separate employing entity under the Missouri Workers' Comepnsation Act, and that the employees of a partnership should not be attributed to a member of the partnership for purposes of determining whether the individual partner was an employer under the Act. [To this same effect, see *Kalson* v. *Industrial Commission*, 248 Wis. 393, 21 N.W. 2d 644 (1946).] Based on the decision in *Crall*, appellant reasons and contends that if the employees of a partnership are not to be counted, then it follows that employees of a corporation should not be counted.

In another jurisdiction, we find the case of *Saf-T-Cab Service* v. *Terry*, 167 Md. 46, 172 A. 608 (1934), which appears to be closer in point than the *Crall* or *Kalson* cases. In *Terry*, the Maryland Court of Appeals held in a Workers' Compensation claim that a driver served as an employee of two corporations at the same time. The Motor Cab Company, Inc. owned the cabs used in the business, and Saf-T-Cab Service,

Inc. was concerned with their operation. The Court's holding was based upon the intimate relationship of the two corporations and the joint interest in the undertaking which the claimant's employment served to promote. The record before the Court in *Terry* attributed no corporate purpose to either corporation except the prosecution of the taxicab enterprise in which the claimant was employed by the same corporation executive to whom the management of both corporations was committed.

As was true in *Terry*, the evidence before us indicates a close relationship and association between appellant's three businesses: Gulf, Repair, and Supply, Inc. In fact, it is almost impossible to distinguish at times one business from the other. Linda Shedler, a bookkeeper, testified that she worked for the appellant at the time the appellee was injured, and at that time there were three accounts: Gulf; Supply, Inc.; and Farmers Body Shop.[2] All of appellant's businesses were at the same location and in the same building. Shidler kept books for all of these commercial enterprises, and she stated that her salary was paid from any one of the businesses or sometimes by the appellant himself. She testified that money was moved from one account to another so that the employees could be paid from an account with sufficient funds. She prepared payroll slips for the five employees named earlier, *viz:* Ollie Cox, Walter Baker, Ronald McNair, the appellee and herself.

The appellant testified that the payroll slips did not indicate which business an employee worked for, and the slips were identical and gave only the employee's name and the payroll information. Further, the Wage and Tax Statement for the appellee for 1975 shows that the three businesses were not separate, listing the employer's name on the W-2 as: "Farmers Auto Parts, Repair and Gulf Station." The appellant testified that he incorporated the auto supply store because it was a requirement of Parts, Inc. of Memphis, who financed part of the business. It was incorporated in June,

[2]Farmers Body Shop was a business located in the same building where appellant's enterprises were, but was operated by an independent contractor, and therefore, was not considered in determining the number of employees.

1973, but the charter was revoked three and one-half years later, sometime after appellee's injury. At the time of the injury, a Coca Cola sign in front of the business read: "Farmers Gulf and Auto Parts," with no reference to its incorporation. Moreover, there was no separate listing in the Earle telephone directory for Supply, Inc. Rather, each of the three businesses had an extension telephone using the same number.

There was conflicting testimony as to whether it was ever made known to the employees of any of appellant's businesses or the public that the auto supply business, Supply, Inc., had been incorporated. Our Supreme Court has held that the relationship of employer and employee is presumed to continue for a reasonable time after a sale of the business is made without the knowledge of the employee. *Ledbetter* v. *Adams*, 217 Ark. 329, 230 S.W. 2d 21 (1950). In *Ledbetter*, the Supreme Court concluded that a transfer of three of the cab company's five cabs to another was a subterfuge designed to defeat the purpose of the Workers' Compensation Act by reducing the number of employees below the required number. The Court went on to say that had the transfer been in good faith that the original employer would have remained liable under the Act until there has been a reasonable time, or course of events, for knowledge of the change of employer to be brought home to the employee.

After a careful study of the evidence before the Workers' Compensation Commission, we conclude that there was substantial evidence in the record to find that the corporation was the alter ego of the appellant, and that it was so managed and controlled by him as to constitute a sole proprietorship. The conditions under which the corporate entity may be disregarded or looked upon as the alter ego of the principal stockholder vary according to the circumstances of each case. This doctrine of piercing the corporate veil is founded in equity and is applied when the facts warrant its application to prevent an injustice. *Aetna Casualty and Surety Company* v. *Stover*, 327 F. 2d 288 (8th Cir. 1964). We feel that its application in the instant case was warranted.

We are aware that the rule of piercing the fiction of a

corporate entity should be applied with great caution. We also recognize that a corporation and its stockholders are a separate and distinct entity even though the stockholder may be the owner of a majority of the stock in a corporation. *Banks v. Jones*, 239 Ark. 396, 390 S.W. 2d 108 (1965). If we were faced with a corporation that complied with the principles of corporate law both as to form and practice, we would hold that Supply, Inc. was not the same employer as the appellant and reverse the award of benefits to the appellee. However, under the set of facts in this case, Supply, Inc. is found to be one of the appellant's businesses and may be considered in determining the number of employees of the appellant.

Affirmed.

CORBIN J., not participating.