Guy MOON *v.* MOON ENTERPRISES, INC.,
Sarah C. Helms, and Sally S. Huff

CA 98-443                                    986 S.W.2d 134

Court of Appeals of Arkansas
Division IV
Opinion delivered March 3, 1999

*Bill R. Holloway* and *John P. Lewis, P.A.*, by: *John P. Lewis*, for appellant.

*Thomas D. Deen*, for appellees.

TERRY CRABTREE, Judge. Appellant Guy Moon, Jr., appeals the Chicot County Chancery Court's decree denying his complaint against appellees. Appellee Moon Enterprises, Inc., was a closely held, family corporation in which appellant Moon was a 20% stockholder. Moon Enterprises, Inc., had been incorporated in 1967 by members of the Moon family in order to hold the family's real property, which was then about 700 acres of farmland. In 1991, appellee Helms and appellee Huff, the president and the secretary of Moon Enterprises, Inc., negotiated the sale of the corporation's real property which, by then, was about 1,200 acres. Appellant Moon filed a complaint, which he deemed a stockholder derivative action, against appellees in chancery court. Therein, he requested that the court order an accounting of the proceeds of the sale of the corporation's 1,200 acres that were distributed to its shareholders and, he also alleged that appellee Helms and appellee Huff had breached their fiduciary duty to the shareholders of the corporation by arranging the sale of the corporation's land for less than its fair market value. After a trial on the merits, the chancery court entered a decree denying appellant's complaint. We affirm.

Appellant Moon initially filed his complaint in May 1993. However, in December 1995, the chancery court entered an amended order granting appellant's request for a nonsuit. Appellant refiled his complaint in January 1996. Trial was held in chancery court on appellant's complaint in May 1997.

At trial, appellant Moon testified concerning the allegation he made against appellee Helms and appellee Huff concerning their breach of fiduciary duty to the shareholders of Moon Enterprises, Inc. Appellant's allegation of breach of fiduciary duty arose

out of the corporation's sale, in May 1991, of its assets, which consisted of approximately 1,200 acres of farmland and timber. Moon Enterprises, Inc., sold the acreage for $170,000 to Roger Hensley and two partners. Roger Hensley was familiar with the corporation's land because he had previously leased part of it for farming. Both the corporation's board of directors and 80% of the shareholders approved the sale of the 1,200 acres to Hensley and his partners. The meeting at which the shareholders voted to sell the corporation's land took place in Houston, Texas, on May 11, 1991. However, appellant Moon, who owned 20% of the shares of the corporation, did not think it should sell its land at any price and he voted, by telephone, against the sale. The gravamen of his allegation that appellees Helms and Huff violated their fiduciary duty to the corporation's shareholders was that they had negotiated a sale price with Roger Hensley that was below the fair market value of the 1,200 acres.

At the conclusion of the trial, the chancery court took the matter under advisement. In August 1997, the chancery court issued a letter opinion in which it set forth its findings of fact and conclusions of law. Therein, the chancery court stated, in essence, that in negotiating the sale of Moon Enterprises, Inc.'s 1,200 acres with Roger Hensley, appellees Helms and Huff had exercised diligence and had not violated their fiduciary duty to the corporation's shareholders. In October 1997, the chancery court handed down a decree, incorporating its August 1997, letter opinion, in which the court denied appellant's complaint.

Appellant Moon raises three allegations of error. For its first issue, he asserts that the chancery court erred in failing to conclude that the May 11, 1991, shareholder meeting in Houston, Texas, where the corporation's shareholders voted to sell the corporation's land, was illegal. According to appellant, this shareholder meeting was illegal because no provision in the corporation's bylaws permitted shareholder meetings to take place outside of Arkansas. Appellant also maintains that the chancery court erred in failing to find that appellees Helms and Huff permitted the corporation to sell more acreage to Roger Hensley than the shareholders voted to sell to him. Finally, appellant asserts that in the course of arranging the sale price of the corpo-

ration's land, appellee Helms acted negligently in that she negotiated a sale price, $170,000, which was less than the fair market value of the 1,200 acres.

█ We apply to appellant's allegations of error a well-established standard of review. Although we try chancery cases *de novo* on the record, we do not reverse unless we determine that the trial court's findings of fact are clearly erroneous. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). In reviewing a chancery court's findings of fact, we give due deference to the chancellor's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Id.* A chancery court's finding of fact is clearly erroneous when, although there is evidence to support the court's decision, after looking at all the evidence we are left with a definite and firm conviction that a mistake has been committed. *Bishop v. Bishop*, 60 Ark. App. 164, 961 S.W.2d 770 (1998).

█ As noted above, we affirm the chancery court's decree. However, we do not reach the merits of appellant's allegations of error. Instead, we conclude that his complaint should have been denied on the basis of his failure to comply with Arkansas Code Annotated sections 4-26-904(a) and (d) (Repl. 1991). We may affirm a chancery court's decision, if it was correct, for any reason. *Rockefeller v. Rockefeller*, 335 Ark. 145, 980 S.W.2d 255 (1998).

The provisions of §§ 4-26-904(a) and (d), when applied to the facts of this case, compel our conclusion that the chancery court did not err in denying appellant's complaint. Sections 4-26-904(a) and (d) state:

> (a) In the event that a sale or exchange prior to dissolution of all or substantially all of the property and assets of a corporation otherwise than in the usual and regular course of its business is authorized by a vote of the shareholders of the corporation, any shareholder who shall have filed with the corporation a written objection thereto, prior to or at the meeting of shareholders at which the sale or exchange is authorized, and who shall not have voted in favor thereof may, within the (10) days after the date on which the vote was taken, make written demand on the corporation for the payment to him of the fair value of his shares as of the day prior to the date on which the vote was taken.

. . . .

(d) Any shareholder failing to make demand within the ten-day period shall be bound by the terms of the sale or exchange.

At trial, on cross-examination, appellant Moon admitted that on April 29, 1991, he had received written notice that Moon Enterprises, Inc.'s shareholders would meet in Houston, Texas, on May 11, 1991, to vote on whether to sell the corporation's 1,200 acres to Roger Hensley and on whether to dissolve the corporation. He also admitted that, on May 11, 1991, he had telephoned appellee Helms and told her that he was not in favor of selling the land and that the shareholder meeting was illegal because it was being held outside Arkansas. He admitted further that, after May 11, 1991, he made no effort to determine whether the other shareholders had voted to sell the corporation's land. Finally, he admitted that in September, 1991, he received a letter from appellee Helms informing him that in May of 1991, 80% of Moon Enterprises, Inc.'s shareholders voted to sell the corporation's land and that the sale was being finalized and he admitted that he subsequently made no effort to contact appellee Helms.

Appellant Moon's own testimony establishes that he failed to comply with § 4-26-904(a)'s requirement of written demand to the corporation for payment of the fair market value of his shares of the corporation's stock. Because appellant failed to comply with this demand provision, the plain meaning of § 4-26-904(d) requires denial of his complaint. We apply statutes according to their plain meaning. *See Weiss v. Central Flying Serv., Inc.*, 326 Ark. 685, 934 S.W.2d 211 (1996).

In closing, we note that the provisions of § 4-26-904 might not be applicable if the shareholders' vote did take place at a meeting held contrary to the corporation's bylaws. Appellant Moon's assertion of the illegality of the May 11, 1991, meeting at which Moon Enterprises, Inc.'s shareholders voted to sell the corporation's land does not change our analysis. This is because appellant never obtained a ruling from the chancery court on his contention that the May 11, 1991, shareholder meeting was not authorized by the corporation's bylaws. Examination of the chancery court's August 1997 letter opinion and its October 1997

decree reveals that the court never addressed appellant Moon's contention that the May 11, 1991, shareholder meeting was not authorized by the corporation's bylaws. Moreover, examination of the abstract of the trial transcript shows that the chancery court never ruled from the bench on appellant's contention that the shareholder meeting was not authorized by the corporation's bylaws. Because appellant did not obtain a ruling from the chancery court on this issue, it is not preserved for our review. See *Collins v. Keller*, 333 Ark. 238, 969 S.W.2d 621 (1998); *Bice v. Green*, 64 Ark. App. 203, 981 S.W.2d 105 (1998).

For the reason set forth above, we affirm the decree that the Chicot County Chancery Court caused to be entered in this case.

Affirmed.

NEAL and GRIFFEN, JJ., agree.