THOMSEN FAMILY TRUST, 1990, Erik Thomsen, Trustee *v.*
PETERSON FAMILY ENTERPRISES, INC.,
Elly Von Mueller Peterson, and Elly L. Droshin

CA 98-962                                989 S.W.2d 934

Court of Appeals of Arkansas
Division II
Opinion delivered May 19, 1999

*Gene O'Daniel*, for appellant.

*Rose Law Firm, A Professional Association,* by: *Richard T. Donovan,* for appellees.

JOHN B. ROBBINS, Chief Judge. Thomsen Family Trust, 1990, through its trustee, Erik Thomsen, has appealed from an order of the Lonoke County Chancery Court that removed its lis pendens against property owned by appellee Peterson Family Enterprises, Inc., and dismissed its third-party complaint against appellee Elly Drosihn. Appellant has also appealed from an earlier order that dismissed its counterclaim against Peterson Family Enterprises, Inc. ("PFE"), and its third-party complaint against appellee Elly Von Mueller Peterson. We affirm.

In 1994, appellant obtained a bankruptcy court judgment in California on a nondischargeable debt against Ms. Drosihn and her husband. In April 1995, after Mr. Thomsen learned that Ms. Drosihn had moved in with her mother, Mrs. Peterson, in Little Rock, he sent a letter to Mrs. Peterson in which he expressed interest in attaching Ms. Drosihn's stock in appellee PFE as a means of satisfying the judgment. PFE is a family farming corporation which was incorporated by Mrs. Peterson and her husband, now deceased, in 1968. Mrs. Peterson received the majority of the stock, and her children received minority interests. Appellant registered its bankruptcy judgment in Pulaski County, Arkansas, on May 16, 1995. On May 30, 1995, EDCEL, LP, was filed for record, with Ms. Drosihn owning a 98% interest and her two sons each owning 1%. The next day, Ms. Drosihn conveyed all of her stock in PFE to EDCEL. On June 28, 1995, appellant filed a lis pendens in the recorder's office of Lonoke County against real estate owned by PFE.

PFE filed this action in the Lonoke County Chancery Court to set aside the lis pendens on the ground that the corporation, and not its shareholders, owns the property in Lonoke County. In response, appellant argued that the corporation was merely a shell for tax purposes and that its property was actually owned by its shareholders. Appellant also filed a counterclaim against PFE and a third-party complaint against Mrs. Peterson and Ms. Drosihn in which it alleged that the transfer of Ms. Drosihn's stock in PFE to EDCEL was intentionally fraudulent and done to avoid satisfac-

tion of appellant's judgment. Appellant sought damages of $461,915.71 and punitive damages in the amount of $1.5 million. PFE and Mrs. Peterson then filed motions to dismiss on the basis of Arkansas Rule of Civil Procedure 12(b)(6). On March 11, 1996, a hearing was held on the motions to dismiss, after which the chancellor dismissed the counterclaim against PFE and the third-party complaint against Mrs. Peterson because they were not parties to the conveyance of Ms. Drosihn's stock. The third-party complaint against Ms. Drosihn remained for trial. Appellant, however, never added EDCEL or Ms. Drosihn's sons as parties to this action.

At the subsequent trial, Mr. Thomsen testified about the fraudulent acts by which Ms. Drosihn obtained the original loan from appellant that gave rise to the judgment. He stated that Mrs. Peterson never responded to his April 1995 letter, although she did verify that she had received it. He admitted that appellant does not have a judgment against PFE.

Ms. Drosihn testified that among the reasons she formed EDCEL was her desire to include her sons in their Arkansas heritage and family business. She stated that she had sought counsel in establishing the limited partnership and that she had not given larger interests in it to her sons because she wanted to avoid the appearance of a fraudulent transfer. She admitted that PFE's attorney also prepared the limited-partnership documents. She testified that she is the agent for service of process for EDCEL and that it had not been added as a party to this lawsuit.

Tom Shurgar, executive vice-president of PFE and manager of its farming operation, testified that the corporation has been in good standing with the Arkansas Secretary of State's Office since 1968. He was adamant that PFE was not involved in the transfer of Ms. Drosihn's stock to the limited partnership. He stressed that PFE did not, in any way, assist Ms. Drosihn or advise her to take this action and said that the only thing it did was to acknowledge the transfer of the shares. He stated that no officer, director, or shareholder was involved in this transaction except in signing the necessary documents.

In an order filed April 15, 1998, the chancellor ordered that the lis pendens filed by appellant be removed and that the third-party complaint against Ms. Drosihn be dismissed for failure to join a necessary party.

In its first argument on appeal, appellant contends that the chancellor erred in dismissing the counterclaim against PFE and the third-party complaint against Mrs. Peterson. The Arkansas Fraudulent Transfer Act, Ark. Code Ann. §§ 4-59-201 through 4-59-213 (Repl. 1996 and Supp. 1997), does not provide for the liability of an individual or entity who was not a transferor or a transferee of the property in question. Arkansas Code Annotated section 4-59-204 (Repl. 1996) states:

> *4-59-204. Transfers fraudulent as to present and future creditors.*
>
> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>> (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> (ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.
>
> (b) In determining actual intent under subdivision (a)(1) of this section, consideration may be given, among other factors, as to whether:
>
> (1) The transfer or obligation was to an insider;
>
> (2) The debtor retained possession or control of the property transferred after the transfer;

(3) The transfer or obligation was disclosed or concealed;

(4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) The transfer was of substantially all the debtor's assets;

(6) The debtor absconded;

(7) The debtor removed or concealed assets;

(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

■ Arkansas Code Annotated section 4-59-207 (Supp. 1997) and section 4-59-208 (Repl. 1996) provide creditors with certain remedies against the transferors and transferees of such property. These statutes, however, make no provision for the recovery of a judgment against third parties in the positions of PFE and Mrs. Peterson. Furthermore, appellant did not plead that Mrs. Peterson or PFE acted as Ms. Drosihn's agent with regard to the transfer of Ms. Drosihn's stock to EDCEL. Consequently, even treating the allegations of fact made by appellant in his counterclaim against PFE, and his third-party complaint against Mrs. Peterson, as true, these pleadings fail to state facts upon which relief against them can be granted under Ark. R. Civ. P. 12(b)(6). The chancellor did not err in granting the motions to dismiss appellant's actions against PFE and Mrs. Peterson.

In its second point on appeal, appellant contends that the chancellor erred in removing the lis pendens from the circuit court records in Lonoke County. Appellant argues that, because appellees were involved in the fraudulent transfer of the stock to avoid the judgment, the trial court should have ignored the cor-

porate form and permitted appellant to attach the assets of the corporation to prevent a wrongdoing. As appellees point out, appellant is seeking a "reverse piercing of the corporate veil."

It is a nearly universal rule that a corporation and its stockholders are separate and distinct entities, even though a stockholder may own the majority of the stock. *First Commercial Bank v. Walker*, 333 Ark. 100, 969 S.W.2d 146 (1998), *cert. denied*, 119 S.Ct. 410 (1998). In special circumstances, the court will disregard the corporate facade when the corporate form has been illegally abused to the injury of a third party. *Enviroclean, Inc. v. Arkansas Pollution Control and Ecology Comm'n*, 314 Ark. 98, 858 S.W.2d 116 (1993); *Don G. Parker, Inc. v. Point Ferry, Inc.*, 249 Ark. 764, 461 S.W.2d 587 (1971). The conditions under which the corporate entity may be disregarded or looked upon as the alter ego of the principal stockholder vary according to the circumstances of each case. *Winchel v. Craig*, 55 Ark. App. 373, 934 S.W.2d 946 (1996). The doctrine of piercing the corporate veil is founded in equity and is applied when the facts warrant its application to prevent an injustice. *Humphries v. Bray*, 271 Ark. 962, 611 S.W.2d 791 (Ark. App. 1981). Piercing the fiction of a corporate entity should be applied with great caution. *Banks v. Jones*, 239 Ark. 396, 390 S.W.2d 108 (1965).

Further, a stockholder does not acquire any estate in the property of a corporation by virtue of his stock ownership; the full legal and equitable title thereto is in the corporation. *Arkansas Iron and Metal Co. v. First Nat'l Bank of Rogers*, 16 Ark. App. 245, 701 S.W.2d 380 (1985). *Accord In re Cummins*, 166 B.R. 338 (Bankr. W.D. Ark. 1994). In our view, appellant presented absolutely no evidence that PFE's corporate facade has been illegally abused or that Mrs. Peterson or any of the other officers or shareholders of PFE (except Ms. Drosihn) were involved in the transfer of the stock to EDCEL. In short, we find no evidence to warrant disregarding the corporate form.

In its third point on appeal, appellant contends that appellees waived the defense of failure to join a necessary party

because they raised it too late.[1] However, this issue is not preserved for our review because appellant failed to raise it to the chancellor or obtain a ruling on it. *Evans v. Harry Robinson Pontiac-Buick, Inc.*, 336 Ark. 155, 983 S.W.2d 946 (1999); *Moon v. Moon Enters., Inc.*, 65 Ark. App. 246, 986 S.W.2d 134 (1999).

Accordingly, we affirm the chancellor's orders in all respects.

Affirmed.

STROUD and MEADS, JJ., agree.

---

[1] Appellees claim that this issue is moot because appellant has filed a fraudulent conveyance action in Pulaski County Circuit Court styled *Thomsen Family Trust, 1990, Erik Thomsen, Trustee v. EDCEL, L.P.*, No. CV-98-5606. Any issue that is outside the record, however, will not be considered on appeal. *Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999).