Donald RHODES and Joy Janes *v.* Charles VEITH

CA 02-307                                      96 S.W.3d 734

Court of Appeals of Arkansas
Division II
Opinion delivered January 29, 2003

*Davis & Zega, P.C.*, by: *Steven S. Zega*, for appellants.

*The Mulkey Attorneys Group, P.A.*, by: *Bruce L. Mulkey*, for appellee.

ROBERT J. GLADWIN, Judge. This case was an attempt by appellee, Charles Veith, to "pierce the corporate veil" and hold the majority shareholders personally liable for money loaned to the corporation after appellee was terminated as an officer and director of the corporation. The trial court decided that appellee would be allowed to pierce the corporate veil, though specifically finding that there was no fraud, illegality, or overreaching by appellants. Appellants[1] Donald Rhodes and Joy Janes bring this appeal and argue that the trial court erred in denying their motion for a directed verdict on the issue of piercing the

---

[1] The notice of appeal and amended notice indicate that COMCO Safety Consulting, Inc. (COMCO Arkansas), is also a party to the appeal. However, no arguments for reversal are made on behalf of the corporation.

corporate veil. Because we find, under the circumstances of this case, no basis for piercing the corporate veil, we reverse and dismiss.

Appellee and appellant Rhodes were both consultants on safety and OSHA compliance issues and knew of each other from a prior project on which they both had worked. Rhodes was president of a company called COMCO Safety Services of California (COMCO California). Janes provided administrative and bookkeeping services to the company on a. contract basis. In November 1998, appellee met with appellants in California to discuss appellee's proposal that they do business together in Arkansas. The proposal called for setting up an Arkansas corporation and taking over clients from appellee's then-employer, EDSI, because the attorney general was investigating EDSI. The parties agreed that appellants would receive 55% of the shares in the corporation, appellee would receive 35%, and 10% would be unissued. COMCO California would provide administrative services such as accounting, billing, bookkeeping, and payroll and provide training materials and programs. Appellee was to serve as president of the new corporation, in charge of day-to-day operations. Appellee also agreed to loan the new corporation up to $30,000 for start-up funds. An Arkansas corporation, COMCO Safety Consulting, Inc., was formed by filing articles of incorporation with the Arkansas Secretary of State on December 10, 1998. Appellants and appellee were listed as the officers, directors, and shareholders of this corporation.

The new corporation started operations in December 1998. Rhodes made a visit to Arkansas that same month and found operations running smoothly. In February 1999, Rhodes made another visit to Arkansas and found the company in turmoil. The sales staff did not have the appropriate sales brochures, and employees were not being timely paid. Appellants attended a board meeting, which was called without notice to appellee. During the meeting, appellee was terminated by letter dated February 16, 1999, because appellee was not meeting his projections and not performing his duties as a business manager or as a supervisor of sales people.

Appellee filed suit alleging that appellants, COMCO Arkansas and COMCO California, had breached appellee's contract and interfered with his business expectancy. Appellee also alleged that the corporate veil should be pierced in order to hold appellants personally liable. Appellee sought compensatory damages of $28,033.78 for money loaned to the business and $4,004 for his deferred salary. Appellee also sought punitive damages of $500,000. Appellants answered and denied the complaint's allegations.

At trial, appellants moved for a directed verdict at the close of appellee's proof and again at the close of all the evidence on the issue of piercing the corporate veil. Appellants argued that there was no evidence that appellee was a "third party" or that appellants fraudulently or illegally used the corporate form. The trial court denied the motion, ruling that no showing of fraud or illegality is needed in order to pierce the corporate veil. The trial court found no evidence of an improper motive, of an illegal objective, or of overreaching by appellants. The trial court did find that all parties ignored the corporate form by being undercapitalized and not having corporate records. The trial court then directed a verdict in favor of appellee, allowing the corporate veil to be pierced. The case was submitted to the jury on two interrogatories. The jury first found that there was a contract between appellee and COMCO Arkansas. Second, the jury found that COMCO Arkansas breached that contract. The jury assessed appellee's damages at $30,000, which the trial court reduced to $18,330 by applying appellee's percentage of ownership of COMCO Arkansas. The trial court awarded appellee attorney's fees of $4,500. This appeal followed.

Appellants raise three arguments on appeal. Their first contention is that the trial court erred in denying their motion for a directed verdict on the issue of piercing the corporate veil because appellee is not a "third party" entitled to pierce the corporate veil. We find this point dispositive and decline to address the other issues.

It is a nearly universal rule that a corporation and its stockholders are separate and distinct entities, even though a

stockholder may own the majority of the stock. *First Comm'l Bank v. Walker*, 333 Ark. 100, 969 S.W.2d 146 (1998). In special circumstances, the court will disregard the corporate facade when the corporate form has been illegally abused to the injury of a third party. *Enviroclean, Inc. v. Arkansas Pollution Control & Ecology Comm'n*, 314 Ark. 98, 858 S.W.2d 116 (1993); *Don G. Parker, Inc. v. Point Ferry, Inc.*, 249 Ark. 764, 461 S.W.2d 587 (1971). The conditions under which the corporate entity may be disregarded or looked upon as the alter ego of the principal stockholder vary according to the circumstances of each case. *Winchel v. Craig*, 55 Ark. App. 373, 934 S.W.2d 946 (1996). The doctrine of piercing the corporate veil is founded in equity and is applied when the facts warrant its application to prevent an injustice. *Humphries v. Bray*, 271 Ark. 962, 611 S.W.2d 791 (Ark. App.1981). Piercing the fiction of a corporate entity should be applied with great caution. *Banks v. Jones*, 239 Ark. 396, 390 S.W.2d 108 (1965); *Thomsen Trust v. Peterson Ent.*, 66 Ark. App. 294, 989 S.W.2d 934 (1999). The issue of whether the corporate entity has been fraudulently abused is a question for the trier of fact, and the one seeking to pierce the corporate veil and disregard the corporate entity has the burden of proving that the corporate form was abused to his injury. *See National Bank of Commerce v. HCA Health Servs. of Midwest, Inc.*, 304 Ark. 55, 800 S.W.2d 694 (1990).

■ The doctrine of "piercing the corporate veil" does not apply to claims asserted by corporate shareholders; it is only available to third parties who deal with the corporation. *Shipp v. Bell & Ross Enters., Inc.*, 256 Ark. 89, 505 S.W.2d 509 (1974); *see also Jones v. Teilborg*, 151 Ariz. 240, 727 P.2d 18 (Ct. App. 1986); *Sikora v. Pinebrook Builders, Inc.*, 507 So. 2d 1167 (Fla. Dist. Ct. App. 1987); *In re Rehabilitation of Centaur Ins. Co.*, 158 Ill. 2d 166, 632 N.E.2d 1015 (1994); *Community Care Ctrs., Inc. v. Hamilton*, 774 N.E.2d 559 (Ind. Ct. App. 2002); *Sturkie v. Sifly*, 280 S.C. 453, 313 S.E.2d 316 (Ct. App. 1984). In another context, workers' compensation, "third parties" do not include corporate officers, directors, or shareholders. *See* Ark. Code Ann. § 11-9-105(a) (2002); *Neal v. Oliver*, 246 Ark. 377, 438 S.W.2d 313 (1969).

■ Appellee argues that he is a "third party" that is allowed to pierce the corporate veil because he was never issued stock. The "Consent to Action Taken in Lieu of Organization Meeting" is signed by appellee as a stockholder and lists appellee as a director and president of the corporation. The document also sets out each party's proportionate interest in the corporation. No stock was issued to appellees or appellants. Further, there is no evidence that appellee asked for delivery of the stock certificates. The corporate existence cannot be lightly regarded by its stockholders, and they will not be permitted to subvert the corporate being at their whim for one advantage and disregard it for an inconsistent advantage. *Shipp v. Bell & Ross Enters., supra.*

■ Appellee admitted at trial that he was president of COMCO Arkansas in charge of such day-to-day operations as setting up the office, hiring employees, and generating sales. Yet, in his next sentence, appellee stated that he performed no functions as a corporate officer. Appellee testified that he made payroll for the employees and paid expenses such as trash disposal and office equipment. He also testified that he opened a corporate bank account. Appellee admits that the reason he seeks to pierce the corporate veil is so he can go after appellants' assets in order to satisfy the judgment. Under these circumstances, we do not believe that appellee is a "third party" entitled to pierce the corporate veil.

■ Because the trial court found no other basis for holding appellants personally liable for the corporation's actions, we reverse and dismiss the case.

Reversed and dismissed.

NEAL and ROAF, JJ., agree.