The Honorable John Paul Verkamp State Representative 1405 West Center Street Greenwood, AR 72936-3405
Dear Representative Verkamp:
I am writing in response to your request for my opinion regarding the following questions:
 1. Is my understanding correct that pursuant to sec. 4 of Act 649 of 2003, a medical director of a long-term care facility sued solely in that capacity cannot be held jointly liable for a judgment against co-defendants and that this result would be true even if one or more of the co-defendants was unable to pay a judgment?
 2. Am I also correct in my understanding that no other private individual enjoys the same statutory protection from joint liability as that bestowed on medical directors by sec. 4 of Act 649?
RESPONSE
In my opinion, the answer to your first question is generally "yes," see
A.C.A. §§ 16-55-203 and -204, subject to the qualification that a variety of equitable considerations based upon the facts of any particular case might bear on the determination of liability.
Assuming that by "joint liability" you mean a possible increase of a judgment against a tortfeasor when a codefendant is adjudged unable to pay the several damages imposed against him, I believe the answer to your second question is likewise "yes." Under the Civil Justice Reform Act, A.C.A. §§ 16-55-201 through -220 (Supp. 2003), medical directors who meet the conditions set forth in A.C.A. § 16-55-204 comprise the only category of individuals whose liability cannot be increased if a codefendant is adjudged unable to pay a judgment against him. No other provision of the Code extends this limitation of liability to any other category of defendant.
Question 1: Is my understanding correct that pursuant to sec. 4 of Act649 of 2003, a medical director of a long-term care facility sued solelyin that capacity cannot be held jointly liable for a judgment againstco-defendants and that this result would be true even if one or more ofthe co-defendants was unable to pay a judgment?
I must note at the outset that you have posed a general question to which I can offer only a general response. The assignment of damages is in all instances extremely fact-intensive, and I am consequently unable to opine as to how a court would rule in any particular case. Subject to this qualification, I believe you are correct in your reading of Acts 2003, No. 649, § 4.
The pertinent provisions of Act 649 of 2003, known as the Civil Justice Reform Act of 2003, are codified at A.C.A. §§ 16-55-201 through -204 (Supp. 2003).
Section 16-55-201 provides:
 (a) In any action for personal injury, medical injury, property damage, or wrongful death, the liability of each defendant for compensatory or punitive damages shall be several only and shall not be joint.
 (b)(1) Each defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault.
 (2) A separate several judgment shall be rendered against that defendant for that amount.
 (c)(1) To determine the amount of judgment to be entered against each defendant, the court shall multiply the total amount of damages recoverable by the plaintiff with regard to each defendant by the percentage of each defendant's fault, and that amount shall be the maximum recoverable against that defendant.
Section 16-55-202 provides:
 (a) In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property, tangible or intangible, regardless of whether the person or entity was or could have been named as a party to the suit.
 (b)(1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault not later than one hundred twenty (120) days prior to the date of trial.
 (2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.
 (c)(1) Except as expressly stated in this section, nothing in this section shall eliminate or diminish any defenses or immunities which currently exist.
 (2) Assessments of percentages of fault of nonparties shall be used only for accurately determining the percentage of fault of named parties.
 (3) Where fault is assessed against nonparties, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.
Section 16-55-203 provides:
 (a)(1) Notwithstanding the provisions of §§ 16-55-201 and 16-55-202, in the event a several judgment has been entered against multiple-party defendants, a plaintiff may move the court no later than ten (10) days after the entry of judgment to determine whether all or part of the amount of the several share for which a defendant is liable will not be reasonably collectible.
 (2) If the court determines, based upon a preponderance of the evidence, that any defendant's several share or multiple defendants' several shares will not be reasonably collectible, the court shall increase the percentage points of the several shares of each of the remaining defendants, subject to the limitations in subdivisions (a)(3) and (4) of this section.
 (3)(A) If a defendant's percentage of fault is determined by the fact finder to be ten percent (10%) or less, then the percentage points of that defendant's several share shall not be increased.
 (B) If a defendant's percentage of fault is determined by the fact finder to be greater than ten percent (10%) but less than fifty percent (50%), then the percentage points of that defendant's several share shall be increased by no more than ten (10) percentage points.
 (C) If a defendant's percentage of fault is determined by the fact finder to be fifty percent (50%) or greater, then the percentage points of that defendant's several share shall be increased by no more than twenty (20) percentage points.
 (4) Under no circumstances shall the combined percentage points of the remaining defendants' several shares exceed the lesser of:
(A) A total of one hundred (100) percentage points; or
 (B) The total number of percentage points remaining after deducting the percentage of fault of the plaintiff, if any.
 (5) Any defendant whose several share has been increased pursuant to this section, and who has discharged his or her obligation to pay the increased several share, has a right of contribution from the defendants whose several shares were determined by the court to be not reasonably collectible.
 (b) The provisions of subsection (a) of this section shall not apply to any punitive damages award or judgment.
Finally, A.C.A. § 16-55-204, which is the subject of your request, provides:
 The provisions of § 16-55-203 shall not apply to a medical care provider who is named as a defendant in an action for personal injury, medical injury, or wrongful death based solely on his or her capacity as a medical director of a long-term care facility.
By way of background, the emergency clause of Act 649 of 2003 declared the legislature's concern that the application of joint and several liability was jeopardizing the availability of medical liability insurance in Arkansas and consequently compromising the availability of medical care. Specifically with respect to the potential tort liability of medical directors, the emergency clause declared that "long term care facilities are having great difficulty hiring qualified medical directors because physicians could be held liable for an entire judgment even if they are found to be minimally at fault."
I will initially address your suggestion that a qualifying medical director enjoys a protection from "joint liability" under A.C.A. §16-55-204. Prior to the enactment of the Civil Justice Reform Act, Arkansas determined damages in multi-defendant actions involving medical care, as in all other multi-defendant actions, by assessing what is termed "joint and several liability." See, e.g., Advocat, Inc. v. Sauer,353 Ark. 29, 49, 111 S.W.3d 346 (2003). Black's Law Dictionary (8th
ed. 1999) defines this term as follows:
Liability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion. Thus, each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties.
As a general proposition, any tort defendant is now statutorily protected pursuant to the Civil Justice Reform Act from joint and several liability as thus defined. With the exception of a medical director meeting the conditions set forth in A.C.A. § 16-55-204, a tort defendant faces the prospect of having his several liability increased if one or more of his codefendants are adjudged judgment-proof. A.C.A. §16-55-203. In my opinion, because a tortfeasor whose liability has been enhanced retains a right of contribution against a co-tortfeasor adjudged judgment-proof, A.C.A. § 16-55-203(a)(5), only the enhanced portion of the judgment might properly be termed "joint" in the sense of being a "[l]iability shared by two or more parties." Black's Law Dictionary,supra (defining "joint liability").
Although the emergency clause of Act 649 of 2003 focused exclusively on remedying what the legislature perceived as a crisis in health care, the Civil Justice Reform Act effected a sweeping change in the law of damages applicable to all tort cases, not just to the cases regarding medical care recited in A.C.A. § 16-55-204. Accordingly, your suggestion that "a medical director of a long-term-care facility sued in that capacity cannot be held jointly liable for a judgment against codefendants" is correct not only as to medical directors, but further as to all tort defendants. The effect of the Civil Justice Reform Act was to do away with the concept of joint and several liability in tort actions, substituting instead a qualified concept of several liability. I use the term "qualified" in the preceding sentence because pursuant to A.C.A. §16-55-203, a several defendant's liability may be increased under specified circumstances if one or more of his codefendants who are adjudged subject to several liability are determined by the court to be judgment-proof.
You focus in your question on the fact that A.C.A. § 16-55-204 removes the qualification just discussed in the case of "a medical care provider who is named as a defendant in an action for personal injury, medical injury, or wrongful death based solely on his or her capacity as a medical director of a long-term care facility." In my opinion, you are correct in your suggestion that this statute generally forecloses increasing a judgment against a medical director meeting the criteria just recited even if the court determines that one or more of the medical director's codefendants are judgment-proof. Section 16-55-204 is unequivocal in declaring that a possible increase in liability pursuant to the provisions of A.C.A. § 16-55-203 will not apply to a medical director meeting the statutory conditions just quoted.[1]
Question 2: Am I also correct in my understanding that no other privateindividual enjoys the same statutory protection from joint liability asthat bestowed on medical directors by sec. 4 of Act 649?
Subject to the understanding that the term "joint liability" now applies only to the amount of the increase in a defendant's several liability arising from the application of A.C.A. § 16-55-203, see my response to your first question, I believe the answer to this question is "yes."
I agree with what appears to be your underlying conclusion that medical directors meeting the conditions set forth in A.C.A. § 16-55-204 are unique among tort defendants in that they normally do not face the prospect of increased liability under A.C.A. § 16-55-203. Specifically in response to your question, under current law, no other category of individuals enjoys protection from a possible increase of damages against them computed pursuant to the formula set forth at A.C.A. § 16-55-203 or any other statute.
Finally, I will note that you have not inquired into, and I will not address, the circumstances under which various categories of individuals might be immune from suit and/or liability in tort.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] Having ventured this opinion regarding the plain meaning of the statute, I feel obliged to note that equitable considerations might conceivably bear on the determination of liability. For instance, a court might conclude based upon the facts that a medical director was the "alter ego" of a judgment-proof corporate codefendant — a circumstance that is generally recognized as allowing a court to circumvent the protections from personal liability that might otherwise be afforded corporate shareholders under statutory corporate law. See, e.g., Heating Air Specialists, Inc. v. Jones, 180 F.3d 923, 934-35 (8th Cir. 1999) (approving a trial court's use of a model jury instruction directing that "the existence of a corporate entity may be disregarded where it is proven that the corporation is a mere instrumentality or agent of an individual owning all or most of its stock, or where the corporation's purpose is to evade some statute or to accomplish some fraud or illegal purpose"); Humphries v. Bray, 271 Ark. 962, 966, 611 S.W.2d 791
(Ark.Ct.App. 1981) ("The conditions under which the corporate entity may be disregarded or looked upon as the alter ego of the principal stockholder vary according to the circumstances of each case."); Woodyard v. ArkansasDiversified Ins. Co., 268 Ark. 94, 99, 594 S.W.2d 13 (Ark. 1980) ("[C]ourts will ignore the corporate form of a subsidiary where fairness demands it."). It may be that this equitable principle would support a court in increasing damages against a medical director notwithstanding the proscription set forth in A.C.A. § 16-55-204. Indeed, a court so inclined might even conclude that it was not contravening the statute; the term "alter ego" is, after all, literally translated as "other self" — a fact that suggests that the alter ego of a judgment-proof corporate defendant might be charged with the corporate defendant's adjudged liability without offending the principles of several liability set forth in A.C.A. § 16-55-203. However, judicial or legislative clarification on this point appears warranted.